**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
Dick A. Semerdjian (SBN 123630)
Mikayla R. Preus (SBN 355008)
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email:      das@sscelaw.com
mikayla@sscelaw.com

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
Parker Graham (Texas Bar No. 24087612)
(*Pro Hac Vice Application Forthcoming*)
pgraham@ccsb.com
Tayler Gray (Texas Bar No. 24131254)
(*Pro Hac Vice Application Forthcoming*)
tgray@ccsb.com
2200 Ross Ave, Suite 1800
Dallas, Texas 75201
Telephone:  214-855-3000
Facsimile:  214-580-2641

Attorneys for Defendant
MARTIN MARIETTA MATERIALS,
INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>     Plaintiffs,<br><br>   v.<br><br>MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. **'26 CV 4529 LL    VET**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**(CLASS ACTION FAIRNESS ACT, FEDERAL QUESTION & DIVERSITY JURISDICTION)** |

NOTICE OF REMOVAL

**TABLE OF CONTENTS**

**Page**

I.    CITIZENSHIP OF THE PARTIES..................................................................... 1

II.   FACTUAL BACKGROUND ........................................................................... 1

III.  BASIS FOR REMOVAL ............................................................................... 2

    A.    First basis for jurisdiction: This Court has CAFA jurisdiction............... 2

        i.    This is a class action. ...................................................................... 2

        ii.   Minimal diversity of citizenship exists.......................................... 3

        iii.  Size of the potential proposed class............................................... 3

        iv.   This case satisfies CAFA's $5 million amount in controversy threshold................................................................... 3

    B.    Second basis for jurisdiction: this Court has jurisdiction under the LMRA. .......................................................................................... 7

        i.    CBAs govern a subset of Plaintiff's class claims.......................... 8

    C.    Third basis for jurisdiction: This Court has traditional diversity jurisdiction........................................................................................ 10

        i.    There is complete diversity of citizenship................................... 10

        ii.   The amount in controversy for Plaintiff's individual claims exceeds $75,000.......................................................................... 10

    D.    Venue is proper and the notice is timely............................................. 13

IV.   REQUIRED ATTACHMENTS..................................................................... 13

V.    CONCLUSION ......................................................................................... 14

i

NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arias v. Residence Inn*,
    936 F.3d 920 (9th Cir. 2019) ................................................................................9

*Bodner v. Oreck Direct, LLC*,
    No. C 0604756, 2006 WL 2925691 (N.D. Cal. Oct. 12, 2006) ..........................2

*Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*,
    No. CV 21-09959-MWF (AGR), 2020 WL 707206 (C.D. Cal. Mar.
    8, 2022) .................................................................................................................7

*Curtis v. Irwin Indus., Inc.*,
    913 F.3d 1146 (9th Cir. 2019) ...........................................................................6, 7

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    574 U.S. 81 (2014) .............................................................................................3, 9

*Firestone v. S. Cal. Gas., Co.*,
    219 F.3d 1063 (9th Cir. 2000) ...........................................................................6, 7

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
    899 F.3d 785 (9th Cir. 2018) ..............................................................................11

*Hanlon v. Chrysler Corp.*,
    150 F. 3d 1011 (9th Cir. 1998) ...........................................................................11

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) ..............................................................................3

*Jimenez v. Young's Mkt. Co., LLC*,
    No. 21-cv-02410-EMC, 2021 WL 59999082 (N.D. Cal. Dec. 20,
    2021) ..................................................................................................................7, 8

*Kenneth Rosthschild Trust v. Morgan Stanley Dean Witter*,
    199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................................3

*LaCross v. Knight Transp. Inc.*,
    775 F.3d 1200 (9th Cir. 2015) ..............................................................................3

*Lingle v. Norge Div. of Magic Chef, Inc.*,
    486 U.S. 399 (1988) ..............................................................................................6

ii

NOTICE OF REMOVAL

**TABLE OF AUTHORITIES**
(Continued)

Page

*Lippitt v. Raymond James Fin. Servs., Inc.*,
    340 F.3d 1033 (9th Cir. 2003) ..................................................................... 7

*Local 174, Teamsters v. Lucas Flour Co.*,
    369 U.S. 95 (1962) ..................................................................................... 6

*Loreto v. General Dynamics Info. Tech., Inc.*,
    Case No. 19cv1366-GPC-MSB, Doc. 59-3 (S.D. Cal. November 3,
    2021) ........................................................................................................ 11

*Milne Emps. Ass'n v. Sun Carriers, Inc.*,
    960 F.2d 1401 (9th Cir. 1991) ..................................................................... 7

*Nishimoto v. Federman-Bachrach & Assocs.*,
    903 F.2d 709 (9th Cir. 1990) ...................................................................... 8

*Rodriguez v. USF Reddaway Inc.*,
    No. 2:22-cv-00210-TLN-DB, 2022 WL 18012518 (E.D. Cal. Dec.
    30, 2022) ................................................................................................. 7, 8

*Schroeder v. Trans World Airlines, Inc.*,
    702 F.2d 189 (9th Cir. 1983), overruled in part on other grounds in
    *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir.
    2009) .......................................................................................................... 7

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) .................................................................................... 8

*Van Bebber v. Dignity Health*,
    1:19-CV-00264-DAD-EPG, 2019 WL 4127204 (E.D. Cal. Aug. 30,
    2019) .......................................................................................................... 8

*Wilder v. Bank of Am., N.A.*,
    No. CV 14-00670, 2014 WL 6896116 (C.D. Cal. Dec. 5, 2014) ..................... 3

*Young v. Anthony's Fish Grottos, Inc.*,
    830 F.2d 993 (9th Cir. 1987) ....................................................................... 7

**Statutes and Rules**

28 U.S.C. § 1332 .................................................................................... 1, 2, 9

1874275
iii
NOTICE OF REMOVAL

**TABLE OF AUTHORITIES**
(Continued)

**Page**

28 U.S.C. § 1367(a) ...................................................................................................8

28 U.S.C. § 1441 ............................................................................................1, 2, 11

28 U.S.C. § 1446 .........................................................................................2, 11, 12

28 U.S.C. § 1453(b) ..............................................................................................1, 2

29 U.S.C. § 152 and 185(a) .....................................................................................7

29 U.S.C. § 185(a) ...................................................................................................7

California Labor Code Section 226(a)......................................................................5

California Labor Code Section 512 ..........................................................................8

California Labor Code Section 1194.2 .....................................................................4

California Labor Code section 1197.1.....................................................................10

California Code of Civil Procedure Section 382 ......................................................2

Labor Code Section 226 ........................................................................................11

Labor Management Relations Act of 1947 Section 301 ..............................2, 6, 7, 8

NLRA Section 2.......................................................................................................7

**Other Authorities**

United States Constitution Article III......................................................................8

DOWNEY BRAND LLP

Under 28 U.S.C. §§ 1453(b) (Class Action Fairness Act jurisdiction), 1331 (federal question jurisdiction), and 1332 (diversity jurisdiction), Defendant Martin Marietta Materials, Inc. removes this case from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, San Diego Division and respectfully shows:

## I.    CITIZENSHIP OF THE PARTIES

1.    Plaintiff Shayna Hill ("Plaintiff") is domiciled in San Diego, California, which is her permanent home where she intends to remain. Therefore, Plaintiff is a citizen of California.

2.    Martin Marietta Materials, Inc. ("Martin Marietta") is a North Carolina Corporation with its principal place of business in Raleigh, North Carolina. Therefore, Martin Marietta is a citizen of North Carolina. 28 U.S.C. § 1332(c).

3.    Plaintiff has neither served nor identified John Does 1-50. Therefore, their citizenship status "shall be disregarded." 28 U.S.C. § 1441(b)(1).

## II.    FACTUAL BACKGROUND

4.    From 2001 to 2026, Plaintiff worked for Martin Marietta, or a prior company that Martin Marietta acquired.

5.    In June 2026, Plaintiff filed this putative class action against Martin Marietta in the Superior Court of California, San Diego County, as Case No. 26CU035198C (the "Complaint"). (Declaration of Dick A. Semerdjian ("Semerdjian Decl.") ¶ 2, Ex. A.)

6.    In her Complaint, Plaintiff asserts a laundry list of claims: (1) failure to pay all wages owed; (2) failure to pay overtime wages; (3) failure to pay all paid sick leave wages; (4) untimely payment of wages; (5) wage statement violations; (6) waiting time penalties; (7) failure to reimburse business expenses; (8) unfair competition; (9) unlawful wage deductions; (10) meal period violations; (11) rest period violations; and (12) sick pay violations.

7.    On July 8, 2026, Plaintiff served her Complaint on Martin Marietta.

1

NOTICE OF REMOVAL

8.    Martin Marietta answered in state court.

9.    Through this notice, Martin Marietta timely removes this case from state court to this Court.

### III.    BASIS FOR REMOVAL

10.    This Court has three separate bases for jurisdiction: (1) jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441, and 1446; (2) federal question jurisdiction under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"); and (3) diversity jurisdiction under 28 U.S.C. 1332(a)(1).

**A.    First basis for jurisdiction: This Court has CAFA jurisdiction.**

11.    This Court has original jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction over any civil action: (a) that is a class action with a putative class of more than one hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removing any case that meets those requirements. *See* 28 U.S.C. § 1453(b). As set forth below, this case meets CAFA's three requirements for removal.

**i.    *This is a class action.***

12.    The Complaint is titled "CLASS ACTION" and says in the very first paragraph that "this is a class action [.]" Exhibit A, ¶ 1. Accordingly, this case meets CAFA's first requirement. *Bodner v. Oreck Direct, LLC*, No. C 0604756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382[.]").

ii.    *__Minimal diversity of citizenship exists.__*

13.    CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff (a citizen of California) and Martin Marietta (a citizen of North Carolina) are citizens of different states.

iii.    *__Size of the potential proposed class__*

14.    Plaintiff seeks to represent "all current and former non-exempt employees who worked for Defendants in California at any time from four years prior to the filing of the action through date of class certification." Exhibit A, ¶ 20(a) (the "Class"). Plaintiff further alleges that she and the putative class members "were compensated on an hourly basis." Exhibit A, ¶ 25.

15.    From June 29, 2022 to present, Martin Marietta employed approximately 567 hourly non-exempt employees in California. Thus, the potential class exceeds CAFA's 100-person threshold.

iv.    *__This case satisfies CAFA's $5 million amount in controversy threshold.__*

16.    To be clear: Martin Marietta denies that Plaintiff is entitled to any of her requested relief. But under the method for calculating CAFA jurisdiction, as explained below, the amount in controversy exceeds $5,000,000.00. Martin Marietta is not conceding that Plaintiff is entitled to recover any such relief.[1]

17.    A removing defendant need only "allege the requisite amount plausibly[.]" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). The notice of removal "need not contain evidentiary submissions." *Id*.

---

[1] *See generally LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable . . . Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.") (citation omitted).

3
NOTICE OF REMOVAL

Plaintiff's complaint is a court's "first source of reference in determining the amount in controversy[.]" *LaCross*, 775 F.3d at 1202. In calculating the amount in controversy, the court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rosthschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted). As such, the ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any.[2]

18.     Under CAFA, courts aggregate the claims of the individual potential class members to determine if the amount in controversy exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d)(6).  As demonstrated below, Plaintiff's pleaded allegations (taken as true for this purpose; but which Martin Marietta disputes) create an amount in controversy that exceeds $5 million.[3] Below, Martin Marietta focuses on just three of Plaintiff's twelve claims.

19.     ***Count One: Failure to Pay Minimum Wages.*** Plaintiff alleges that Martin Marietta failed to pay Plaintiff and the putative class for all hours worked. Exhibit A, ¶ 55, 59. Plaintiff seeks damages in the form of disgorgement of all amounts wrongfully obtained, all statutory penalties, liquidated damages, interest, fees, and costs. Exhibit A, Prayer for Relief.

---

[2] *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1189 n. 1 (9th Cir. 2015) (Defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal[.]") (citations omitted); *see also Wilder v. Bank of Am., N.A.*, No. CV 14-00670, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what any defendant will actually owe).

[3] Martin Marietta's calculation of the amount in controversy is based on (1) its review of internal human resources records evidencing there are approximately 567 proposed class members in the period specified in Plaintiff's definition of the class dating back four years, and (2) Plaintiff's assertion that her claims are typical of the class she seeks to represent. Ex. A ¶ 20(a), 22(b).

NOTICE OF REMOVAL

20.     The amount in controversy for Plaintiff's unpaid wage claim exceeds **$5,434,757**. To calculate that amount, Martin Marietta first calculated the number of weeks each proposed class member worked during Plaintiff's proposed four-year class period: 65,479.43. Next, Martin Marietta assumed, for purposes of this calculation only, that each employee failed to receive one hour of straight time per week. Martin Marietta then multiplied the number of weeks each employee worked during the proposed class period by the employees' average hourly rate of $41.50. That equation totals $2,717,378.5 (65,479.43 weeks x 41.50 per hour). On top of that, Plaintiff seeks liquidated damages under California Labor Code Section 1194.2, which would double the amount in controversy to **$5,434,757**.

21.     ***Count Five: Wage Statement Violations***. Plaintiff next alleges Defendant "failed to provide accurate itemized wage statements to the covered employees each pay period." Ex. A, ¶ 49. Plaintiff alleges that she and the class members are "are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee[.]" Exhibit A, ¶ 77. Claims for non-compliant wage statements are subject to a one-year statute of limitations.

22.     Approximately 342 of the 567 purported class members were employed in the year before Plaintiff filed this action. Martin Marietta calculated the number of weeks worked by each of those 342 employees. Martin Marietta then divided the total number of weeks worked by two to reach a total of approximately 26,089 pay periods. Cal. Labor Code Section 226(a). Assuming each employee had only an initial violation and no subsequent violations, the total potential liability for Plaintiff's wage statement violation claims amounts to **$1,304,450.**

23.     ***Count Six: Waiting Time Penalties***. With respect to Plaintiff's sixth cause of action for waiting time penalties, Plaintiff alleges that Defendants "failed and continue to fail in their affirmative obligation to pay all wages earned and

unpaid to Plaintiff and class members immediately upon termination of employment[.]" Exhibit A, ¶ 80. Plaintiff seeks waiting time penalties up to thirty days. Exhibit A, ¶ 81.

24.     Based on preliminary calculations and information to date, Martin Marietta has had approximately 299 hourly, non-exempt California employees terminate their employment since June 29, 2022. Using the lowest California minimum wage during the class period ($15/hour), and assuming a conservative average shift length of 8 hours, the amount in controversy for Plaintiff's waiting time claim is more than **$1,076,400**, based on the calculation of approximately 299 putative class members.[4]

25.     ***Minimum Amount in Controversy.*** Based on the foregoing, the amount in controversy for just three of Plaintiff's twelve causes of action (and excluding attorneys' fees) is approximately **$7,815,607**—well in excess of the $5,000,000 threshold. In addition, attorney's fees further increase the amount in controversy.

26.     Martin Marietta expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action under CAFA or otherwise, including without limitation as to additional and/or different amounts in controversy (including by proffering amounts in controversy as to the additional causes of action and prayers for relief identified above), and as necessary to support minimal diversity jurisdiction. Additionally, Martin Marietta assumes that the proposed classes are as defined by Plaintiff in the Complaint for purposes of this Notice of Removal only, but expressly reserves and does not waive its position that the definitions of the proposed classes are improper and/or cannot be certified.

---

[4] 299 class members x 15 (minimum wage) x 8 hours x 30 days.

NOTICE OF REMOVAL

27.     Again, nothing in this Notice of Removal should be construed as any type of express or implied admission by Martin Marietta of any fact, of the validity or merits of any of Plaintiff's claims, which Martin Marietta denies.

**B.     Second basis for jurisdiction: this Court has jurisdiction under the LMRA.**

28.     This Court has an additional basis for jurisdiction under the LMRA. Plaintiff's claims arise out of and require interpretation of a Collective Bargaining Agreement ("CBA"), and thus are completely preempted by federal law under the LMRA.

29.     Section 301 of the LMRA provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas., Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

30.     Section 301 provides a basis for federal question jurisdiction. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretation, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Id.*; *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) ("[F]ederal preemption under § 301 is an essential component of federal labor policy[.]") (citation omitted).

31.     Courts use a two-step inquiry to determine if LMRA Section 301 preempts a claim. First, if the "asserted cause of action involves a right [that] exists solely as a result of the CBA," then "the claim is preempted and [the] analysis ends there." *Id.* (alteration in original) (internal citations and quotations omitted).

Second, if the "state law right is substantially dependent on analysis" of the CBA, then the claim is preempted. *Id.* at 1153.[5]

33.   As explained below, LMRA Section 301 preempts California Labor Code claims brought on behalf of union employees, and this case meets the requirements of LMRA preemption. *Rodriguez v. USF Reddaway Inc.*, No. 2:22-cv-00210-TLN-DB, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022); *Braswell v. AHMC San Gabriel Valley Med. Ctr. LP*, No. CV 21-09959-MWF (AGR), 2020 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022); *Jimenez v. Young's Mkt. Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 59999082, at *9-*10 (N.D. Cal. Dec. 20, 2021); *see also Firestone*, 219 F.3d at 1066–67 (claim preempted by Section 301 where the CBA had to be interpreted to resolve the plaintiff's wage claims).

i.   ***CBAs govern a subset of Plaintiff's class claims.***

33.   Although Plaintiff does not have a CBA, her Complaint omits that CBAs govern a substantial subset of her requested class members. A plaintiff may not "artfully plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claim was preempted even though the operative complaint made no mention of a CBA). Thus, the fact that Plaintiff has not referenced the CBAs or Section 301 in her Complaint does not preclude removal. *See Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009). The Court may properly look beyond the face of the Complaint to determine whether Section 301 preempts asserted claims. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the

---

[5] At all relevant times alleged in the Complaint, Defendant has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a).

NOTICE OF REMOVAL

facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action with federal jurisdiction[.]" *Schroeder*, 702 F.2d at 191.

34.     At all times relevant to this litigation, Martin Marietta employed certain non-exempt hourly employees (who would fall within Plaintiff's requested class) as construction workers, and their employment was subject to a CBA. Those employees include, for example, members of the Laborers' International Union of North America and the International Brotherhood of Teamsters. Those class members' CBAs expressly provide for wages, hours of work, working conditions of employees, premium wage rates for all overtime hours worked, and a regular rate of pay not less than 30 percent more than the state minimum wage rate. The CBAs further provide for meal periods for the employees, and final and binding arbitration of disputes concerning application of its meal periods.

35.     Thus, Plaintiff's class claims for meal period violations (among others) involve a right that exists solely as a result of the CBA, and that will require interpretation of the CBAs. Section 301 therefore preempts Plaintiff's claims. *Rodriguez*, 2022 WL 18012518, at *4; *Jimenez*, 2021 WL 5999082, at *11. Removal is therefore proper under the LMRA. *Id.*[6]

36.     ***Supplemental Jurisdiction Over Non-Preempted Claims***. To the extent there are remaining claims for relief that do not arise under Section 301 or are not completely preempted by Section 301, these claims are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) in that they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. *See Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 714 (9th Cir. 1990); *see also Van Bebber v. Dignity Health*,

---

[6] Plaintiff's class claims are also preempted under Section 301 and California Labor Code Section 512 because they arise under the Labor Code provisions that are subject to the CBAs grievance and arbitration procedures.

NOTICE OF REMOVAL

1:19-CV-00264-DAD-EPG, 2019 WL 4127204, at *9 (E.D. Cal. Aug. 30, 2019) (exercising supplemental jurisdiction over a plaintiff's remaining causes of action because they arose out of the same employment relationship as single preempted claim). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims in the Complaint as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966). Accordingly, Martin Marietta is entitled to remove all of Plaintiff's claims to this Court.

**C.     Third basis for jurisdiction: This Court has traditional diversity jurisdiction.**

37.     As a third independent basis for jurisdiction, this Court has original diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). This case satisfies both those requirements.

**i.     *There is complete diversity of citizenship.***

38.     Plaintiff is a citizen of California and Martin Marietta is a citizen of North Carolina. Accordingly, there is complete diversity between the parties.

**ii.     *The amount in controversy for Plaintiff's individual claims exceeds $75,000.***

39.     As with CAFA, the notice of removal need only ***plead*** (not prove) "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The notice "need not contain evidentiary submissions." *Id.* at 84.

40.     At this stage, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability . . . In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019). A removing defendant may rely on "a chain of reasoning that includes assumptions" based on the plaintiff's pleaded allegations. *Id.* at 925.

NOTICE OF REMOVAL

41.     As shown below, Plaintiff's individual claims exceed $75,000.

42.     ***Failure to pay minimum and overtime wages.*** Plaintiff alleges that Defendant had an unlawful policy or practice that required Plaintiff to work without being paid minimum wages. Exhibit A, ¶¶ 26. Plaintiff seeks unpaid wages, liquidated damages, and any and all legally applicable penalties. Exhibit A, Prayer for Relief.

43.     Based on those allegations, the amount in controversy for Plaintiff's individual minimum wage and overtime claims alone is at least $9,130.66. To reach this amount, Martin Marietta assumes the rate of purported violation is one hour per pay period for failure to pay straight wages and one hour per pay period for failure to pay overtime.[7] The liquidated damages would also be equal to $9,130.66.

44.     Plaintiff also seeks "recovery of all statutory penalties." Exhibit A, Prayer for Relief. Pursuant to California Labor Code section 1197.1, which means penalty of $100 for the initial failure to timely pay minimum wages, and $250 for each subsequent failure. Based on her allegations, the alleged penalties for Plaintiff's minimum wage claim could amount to $24,350 (1 initial violation and 97 subsequent violations). Thus, the total potential liability for Plaintiff's individual unpaid wages claim conservatively amounts to **$42,611.32.**

45.     ***Meal period violations.*** With respect to Plaintiff's tenth cause of action for meal   period premiums, wherein Plaintiff alleges that Martin Marietta "willfully failed in [its] affirmative obligation to consistently pay Plaintiff . . . one additional hour of pay at the respective regular rate of compensation for each workday that a fully complaint meal period was not provided" the amount in controversy is approximately **$7,304.92** (196 [assuming a violation rate of one violation per week] x $37.27 [Plaintiff's hourly rate at the time of her termination]).

---

[7] ($37.27 (Plaintiff's hourly rate at the time of termination) + 55.90 (1.5 times Plaintiff's hourly rate)) x 98 violations [one violation per pay period for four years].

46.     ***Rest period violations.*** As for Plaintiff's eleventh cause of action for rest  period premiums, wherein Plaintiff alleges that Martin Marietta "willfully failed in [its] affirmative obligation to consistently pay Plaintiff . . . one additional hour of pay at the respective regular rate of compensation for each workday that a fully complaint rest period was not provided" the amount in controversy is approximately **$7,304.92** (196 [assuming a violation rate of one violation per week] x $37.27 [Plaintiff's hourly rate at the time of her termination]).

47.     ***Failure to provide accurate wage statements and sick leave***. With respect to her  wage statement and sick leave claims, Plaintiff alleges, without qualification, that Martin Marietta "knowingly and intentionally failed in [its] affirmative obligation to provide accurate itemized wage statements" and "systemically failed to comply with their affirmative obligations to provide Plaintiff . . . with accurate notice of [her] available paid sick leave balances."  Exhibit A, ¶ 75, 109. Under Labor Code Section 226, the penalty for non-compliant wage statements is $50 for the initial pay period in which a violation occurs and $100 for subsequent pay periods, up to a maximum of $4,000 per affected employee. Exhibit A, ¶ 77. Plaintiff places at issue the **$4,000** maximum wage statement penalty because she alleges knowing, intentional, and systemic wage statement violations across recurring pay periods.

48.     ***Failure to timely pay wages***. With respect to Plaintiff's sixth cause of action for waiting time penalties, Plaintiff alleges that Martin Marietta "willfully failed and continue[s] to fail in [its] affirmative obligation to pay all wages earned and unpaid to Plaintiff" immediately up on termination or within 72 hours for employees who did provide 72 hours notice. Exhibit A, ¶ 80. Plaintiff alleges that she is "entitled to recover a waiting time penalty for a period of up to 30 days[.]" Exhibit A, ¶ 81. The amount in controversy for Plaintiff's individual waiting time claim is **$8,944.80** ($37.27 [Plaintiff's hourly rate at the time of her termination] x 8 x 30).

49.   ***Attorneys' Fees***. Plaintiff additionally seeks attorneys' fees for each of her claims. Exhibit A, ¶¶ 44, 50, 68. Because Plaintiff may collect attorneys' fees if she is the prevailing party on her Labor Code claims, attorneys' fees are at stake and are included in the amount in controversy calculation. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793-94 (9th Cir. 2018). The Ninth Circuit employs a benchmark rate of 25% of the potential award as an estimate for attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% . . . as a benchmark award for attorney fees."). Assuming the above listed violations, Plaintiff could collect at least **$17,541+** in attorneys' fees using a 25% estimate. This is a very conservative estimate given Plaintiff's counsel has sought $475 per hour in fees in other cases. *See Loreto v. General Dynamics Info. Tech., Inc.*, Case No. 19cv1366-GPC-MSB, Doc. 59-3 (S.D. Cal. November 3, 2021).

50.   Here, the amount of controversy of Plaintiff's individual claims is **$87,707.45**. This case therefore satisfies the amount-in-controversy requirement.

**D.   Venue is proper and the notice is timely.**

51.   The proper venue for removed cases is the division embracing the county where the state court case was pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The state-court action was pending in San Diego County, within the San Diego Division of the Southern District of California.

52.   Defendant timely filed this notice within 30 days of receiving the Complaint through formal service. 28 U.S.C. § 1446(b)(1).

53.   Defendant will file notice of removal in the state court action, "which shall effect the removal." 28 U.S.C § 1446(d).

## IV.   REQUIRED ATTACHMENTS

54.   Pursuant to 28 U.S.C. § 1446(a), Exhibits A-H, constitute all "process, pleadings, and orders served upon such defendant" to date, and are attached to the accompanying Declaration of Dick Semerdjian.

13

NOTICE OF REMOVAL

55.    Attached as Exhibit A is a true and correct copy of Plaintiff's Complaint.  (Semerdjian Decl. ¶ 2, Ex. A.).

56.    Attached as Exhibit H is a true and correct copy of the original answer. (Semerdjian Decl., ¶ 9, Ex. H.).

## V.    CONCLUSION

Defendant files this Notice of Removal and respectfully requests that the Court: (i) remove Case No. 26CU035198C from the California Superior Court for the County of San Diego to this Court; (ii) assume jurisdiction; and (iii) grant Defendant any additional relief that the Court determines is appropriate.

DATED:  August 7, 2026                SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP


By:    _/s/Dick A. Semerdjian_
        Dick A. Semerdjian
        Mikayla R. Preus
        Attorneys for Defendant
        MARTIN MARIETTA MATERIALS, INC.

NOTICE OF REMOVAL