# EXHIBIT 8

Dick A. Semerdjian (SBN 123630)
Mikayla R. Preus (SBN 355008)
**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email: das@sscelaw.com
       mikayla@sscelaw.com

Attorneys for Defendants
MARTIN MARIETTA MATERIALS, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 26CU035198C<br><br>**DEFENDANT MARTIN MARIETTA MATERIALS, INC.'S ORIGINAL ANSWER TO COMPLAINT**<br><br>Judge:  Hon. Michael D. Washington<br>Dept.:  C-73<br><br>Complaint Filed:      December 2, 2024<br>Trial Date:            June 18, 2026 |

DEFENDANT MARTIN MARIETTA MATERIALS, INC.'S ORIGINAL ANSWER TO COMPLAINT

Defendant MARTIN MARIETTA MATERIALS, INC. ("Defendant"), on behalf of itself and no other defendant, hereby answers Plaintiff SHAYNA HILL's ("Plaintiff") unverified class action Complaint ("Complaint") as follows:

### GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every material allegation contained in Plaintiff's Complaint, and further denies that any damage, whether in the character or amount set forth in the Complaint, or in any sum, or at all, has been caused by reason of any act or omission on the part of Defendant. Defendant further denies that it is liable to Plaintiff under any theory, including, without limitation, the theories of liability asserted in the Complaint.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

As affirmative and additional defenses to each cause of action set forth in the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Agreement to Arbitrate)

1. Plaintiff's Complaint encompasses putative class members who have agreed to arbitrate all of the purported.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2. The Complaint and each cause of action fails to state facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

3. The Complaint and each cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitation including, but not limited to: the three-year statute of limitations applicable to claims under the California Labor Code; the one-year statute of limitations applicable to penalty claims under the Labor Code; the four-year statute of limitations under the

California Business and Professions Code section 17208, California Code of Civil Procedure sections 338, 339, 340, and 343; and all other applicable provisions of state and federal law.

## FOURTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

4. The Complaint and each cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff failed to comply with all conditions precedent, including but not limited to exhausting administrative remedies, prior to filing suit.

## FIFTH AFFIRMATIVE DEFENSE

### (Speculative Relief)

5. Plaintiff's alleged damages are too speculative to form a basis of recovery. Plaintiff's Complaint requires an individualized assessment of each putative class member, and thus class-like relief would be speculative.

## SIXTH AFFIRMATIVE DEFENSE

### (Due Process)

6. The penalties sought by the Complaint violate the due process clause of the United States and California Constitutions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. The Complaint is barred to the extent that, by conduct, representations, and omissions, Plaintiff and/or the putative class members waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Not Knowing and Intentional)

8. Plaintiff's claim for failure to provide accurate itemized wage statements fails because, to the extent Defendant failed to provide accurate itemized wage statements, any such failures were not knowing and intentional, and Plaintiff suffered no injury because a reasonable person would have been able to promptly and easily ascertain the information listed in Labor Code

§ 226(E)(2)(B)(i)-(iv).

## NINTH AFFIRMATIVE DEFENSE

### (No Class Claims)

9.    Each of Plaintiff's causes of action is not appropriate for class certification and Plaintiff lacks standing to serve as a class representative because Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot represent the interests of others.

## TENTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

10.    Any alleged act or omission by Defendant was not unlawful, unfair, fraudulent, or willful within the meaning of the California Business and Professions Code.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Excessive Penalties, Damages, and Fees)

11.    Any act or omission of Defendant alleged in the Complaint was not willing, knowing, or intentionally sufficient to justify any award of penalties, liquidated damages, or attorneys' fees against Defendant.  Moreover, Plaintiff and/or the putative class members are not entitled to civil penalties under California Labor Code Sections 218.5, 226(e), or 1194, because awarding penalties would be unjust, arbitrary, and oppressive or confiscatory, in that Defendant had appropriate employment policies and Plaintiff did not notify Defendant of any purported wage/hour violations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel/Res Judicata)

12.    The doctrines of issue preclusion (collateral estoppel) and claim preclusion (res judicata) bar the Complaint and each cause of action, in whole or in part.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Meal Periods)

13.    The Complaint, and each cause of action, is barred because Plaintiff and other putative class members were provided adequate time for meal periods.  To the extent Plaintiff and other putative class members did not take their meal and rest periods they chose not to do so and/or did

so without permission or the actual or constructive knowledge of Defendant and/or failed to work the requisite number of hours to qualify for meal and/or the meal period was waived by mutual consent.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unpaid Hours *De Minimis*)

14. Some or all of the hours worked by Plaintiff, and other putative class members, claimed as unpaid were *de minimis* and do not qualify as compensable hours worked under the Labor Code or any applicable Wage Order of the Industrial Welfare Commission.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

15. The claims brought forth in the Complaint are preempted, in whole or in part, by federal law, including the Labor Relations Management Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Penalties Beyond Initial Violation)

16. Plaintiff's Complaint is barred to the extent Plaintiff and other putative class members seek penalties beyond the "initial" violation described in California Labor Code § 2699, and/or any other applicable California Labor Code provision.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Not Willful)

17. The Complaint, and each cause of action, is barred because any act or omission or violation by Defendant alleged in the Complaint was made in good faith and was not willful, knowing, or intentional to justify any awards of penalties or fees within the meaning of the Labor Code.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Accurately Report Hours Worked)

18. Plaintiff and the putative class members did not accurately report the hours for which they seek allegedly unpaid wages and penalties; therefore, Plaintiff and the putative class members

are barred from seeking to recover any such amounts from Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Claims Not Representative of Class)

19. The claims of the named Plaintiff are not representative of the claims of the members of the putative class, and therefore this action is not properly maintained as a class action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Common Questions of Law or Fact)

20. There are no questions of law or fact common to the putative class; rather, individualized questions of law and fact predominate over any semblance of common question. In addition, the proof peculiar to Plaintiffs' claims and the defenses thereto will vary widely. Therefore, Plaintiff cannot meet the prerequisites for a class action set forth in Section 382 of the California Code of Civil Procedure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Claims Not Typical of Class)

21. The claims of Plaintiff and Defendant's defenses thereto are not typical of the putative claims or related defenses of the putative class as a whole, and Plaintiff is therefore not a suitable class representative.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Class Not Manageable)

22. This case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of the class action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Disregard of Policies)

23. To the extent that Plaintiff and any putative class members allege they have not been paid in full, Plaintiff and the putative class members have disregarded Defendant's policies regarding payment of wages and/or meal periods, if any.

///

DEFENDANT'S ORIGINAL ANSWER TO COMPLAINT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Release and Accord & Satisfaction)

24.    Members of Plaintiff's putative class have released some or all of the claims that Plaintiff purported to assert. Therefore, the doctrines of release and accord and satisfaction preclude all those claims.

### RESERVATION OF RIGHTS

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise, or supplement this Answer and to plead such further defenses and take such further actions as they may deem proper and necessary in its defense upon the completion of said investigation and study.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.  That Plaintiff take nothing by this action;

2.  That the Complaint be dismissed in its entirety with prejudice, and judgment entered in favor of Defendant;

3.  That Defendant be awarded its costs of suit;

4.  That Defendant be awarded its attorneys' fees according to proof; and

5.  That the Court award Defendant such other and further relief as the Court may deem proper.

Dated:  August 6, 2026

SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP

By: _____
Dick A. Semerdjian
Mikayla R. Preus
Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

---

7
DEFENDANT'S ORIGINAL ANSWER TO COMPLAINT