Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP
Dick A. Semerdjian (SBN 123630)
Mikayla R. Preus (SBN 355008)
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email: das@sscelaw.com
mikayla@sscelaw.com

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
Parker Graham (Texas Bar No. 24087612) (*Pro Hac Vice*)
pgraham@ccsb.com
Tayler Gray (Texas Bar No. 24131254) (*Pro Hac Vice*)
tgray@ccsb.com
2200 Ross Ave, Suite 1800
Dallas, Texas 75201
Telephone: 214-855-3000
Facsimile: 214-580-2641

*Attorneys for Defendant*
*Martin Marietta Materials, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**JOINT DISCOVERY PLAN** |

1. **Whether any parties remain to be served and a proposed deadline for service as to those parties.**

Does 1 through 50 have not been served. The parties propose February 5, 2027 as the deadline to serve Does 1 through 50.

2. **Identify counsel who attended the Fed. R. Civ. P. 26(f) conference, and the manner in which it was held (*i.e.*, in person or telephonic).**

Rick Waltman (counsel for Plaintiff) and Parker Graham and Tayler Gray (counsel for Defendant Martin Marietta) had the conference by telephone on August 27, 2026.

3. **Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26(a) and a description of the disclosures made. If not, state when the parties expect to complete initial disclosures.**

Plaintiff and Defendant Martin Marietta will have exchanged initial disclosures consistent with Fed. R. Civ. P. 26(a) by September 9, 2026.

4. **Identify any related cases by case name, case number, and court.**

Plaintiff originally filed this action in the Superior Court of the State of California for the County of San Diego, Case No. 26CU035198C. Defendant removed the action to this court on August 7, 2026.

In addition, on August 27, 2026, Plaintiff filed a representative action under the Private Attorneys General Act in the Superior Court of the State of California for the County of San Diego, Case No. 26CU045923C. Martin Marietta has not yet been served.

5. **Identify any anticipated amendments to the pleadings, including any amendment to add parties or claims;**

None.

6. **Describe the proposed discovery plan, including:**

    a. **The subjects on which discovery may be needed.**

    ***Plaintiff:*** Plaintiff will need discovery of class time and pay records, and all records showing policies and practices regarding pay for time worked, meal and rest break practices, deduction of taxes for employee use of company vehicles, and reimbursement of business expenses. Plaintiff does not believe that discovery should be bifurcated as proposed by Defendant. If the Court does require bifurcated discovery, Plaintiff requests at least a 25% sampling of other employee records prior to class certification, with the remainder to be produced after class certification.

    ***Defendant:*** Martin Marietta requests bifurcated discovery: first regarding plaintiff's allegations and a limited subset of similarly situated employees (if any) and later discovery on the merits if the Court certifies the class.

**b. The witnesses each party seeks to depose and a brief explanation as to why the party seeks to depose each witness.**

***Plaintiff:*** Plaintiff anticipates taking the deposition of Defendant's company representative under FRCP Rule 30(b)(6), and Plaintiff's managers.

***Defendant:*** Defendant anticipates taking Plaintiff's deposition.

**c. Whether any party anticipates conducting a Rule 35 examination and any agreements concerning the nature and scope of such an examination.**

Neither party anticipates conducting a Rule 35 examination.

**d. Any issues and agreements concerning the disclosure, discovery, and/or preservation of electronically stored information ("ESI"), including confirmation that the parties reviewed and discussed the items set forth in the Court's "Rule 26(f) Conference Checklist," available at Rule 26(f) Conference Checklist.**

No issues at this time. The parties have reviewed and discussed the Court's Rule 26(f) Conference Checklist.

**e. If a protective order is contemplated to cover the exchange of confidential information, the date by which the proposed order will be submitted to the Court.**

The Parties agree to submit a proposed protective order for the Court's review by September 30, 2026.

**f. What changes, if any, should be made to the limitations on discovery imposed under the discovery rules, including whether the parties will stipulate to any proposed changes.**

None at this time.

**g. If a party objects to the scope of any anticipated discovery, the party must articulate a specific legal basis for any objections.**

Martin Marietta requests bifurcated discovery. Plaintiff opposes bifurcation.

**7. Whether discovery should be conducted in phases or focused on certain issues (e.g., deposition of a particular party, exchange of certain key evidence, etc.), and whether such an approach will assist with early resolution of the case.**

***Plaintiff:*** Plaintiff does not believe that discovery should be bifurcated as proposed by Defendant. If the Court does require bifurcated discovery, Plaintiff requests at least a 25% sampling of other employee records prior to class certification, with the remainder to be produced after class certification.

***Defendant*:** Defendant submits that bifurcated discovery is necessary to avoid costly full class discovery prior to certification. Bifurcation is essential in this matter as there are issues concerning whether Plaintiff is a typical and adequate class representative, which may preclude certification. *See Sapan v. Fin. of Am. Reverse LLC*, No. 8:24-CV-01213-FWS-KES, 2026 WL 96903, at *1-2 (C.D. Cal. Jan. 8, 2026) (bifurcation appropriate where typicality and adequacy were at issue); *Thoma v. VXN Grp. LLC*, No. 2:23-CV-04901-WLH-AGR, 2024 WL 4800648, at *3 (C.D. Cal. May 16, 2024) (granting bifurcation to promote judicial economy).

Defendant submits the below two-phased approach with Phase One discovery focused on class certification and Phase Two on merits based discovery. As discovery progresses through Phase One, Defendant submits that the parties meet and confer to discuss additional possible discovery topics.

Phase One

- Discovery concerning the named plaintiff's claims.
- Discovery concerning any putative class member that ceased utilizing a Martin Marietta vehicle for commuting purposes during the applicable limitations period.
- Time and payroll records for the named plaintiff and a defensible representative sample.

Phase Two (to commence after class certification)

- Full payroll and timekeeping data for the certified class.
- Additional supervisor and employee depositions as necessary.
- Experts and rebuttal experts.

**8. Describe all prior and pending motions, their current status, and any anticipated motions, including whether any threshold legal issues may be resolved by summary judgment.**

There are no pending motions at this time. Plaintiff may file a motion for remand after limited discovery. After discovery closes, Defendant anticipates filing a motion for summary judgment.

**9. Describe the procedure the parties plan to use regarding claims of privilege.**

The parties intend to raise claims of privilege as necessary in response to discovery requests.

**10. If a class action, describe any class-action issues.**

The parties propose the following dates for class certification briefing:

- August 6, 2027: Class certification opening brief
- September 3, 2027: Class certification opposing brief
- September 17, 2027: Class certification reply brief
- October 15, 2027: Class certification hearing

**11. Whether the case will be tried to a jury or to the court and the expected length of the trial.**

***Plaintiff:*** Plaintiff proposes a 5 to 7 day bench trial.

***Defendant:*** Defendant proposes 3-day trial based on Plaintiff's current allegations. The trial will take additional time if the Court certifies a class.

**12. Confirmation that all attorneys identified in the parties' pleadings reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.**

All attorneys have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct.

**13. Such other matters as may facilitate the just, speedy, and inexpensive disposition of the case, including identifying any discovery that deserves the special attention of the Court at the CMC.**

None at this time.

**14. A proposed schedule for:**

**a. The filing of motions to amend pleadings and/or add parties:**

- November 20, 2027.

**b. The completion of fact and expert witness discovery:**

Defendant proposes the following schedule:

- Fact discovery phase 1: June 7, 2027.
- Fact discovery phase 2: January 21, 2028
- Expert discovery: May 26, 2028

Plaintiff disagrees that fact discovery should be conducted in phases, and proposes that fact discovery be completed by January 21, 2028, and expert discovery be completed by May 26, 2028.

**c. The designation and supplemental designation of expert witnesses:**

- Initial expert designation and reports: February 18, 2028
- Rebuttal expert designation and reports: April 14, 2028

**d. The service of expert witness reports and rebuttal expert witness reports:**

- Initial expert designation and reports: February 18, 2028
- Rebuttal expert designation and reports: April 14, 2028

**e. The date by which all motions, including dispositive motions, shall be filed:**

- June 9, 2028

**f. A date for a Settlement Conference:**

- August 22, 2028

**g. A date for a Pretrial Conference before the assigned District Judge:**

- September 12, 2028

Respectfully Submitted,

DATED: September 9, 2026 FERRARO VEGA EMPLOYMENT LAWYERS

By: */s/Rick A. Waltman (with permission)*
Rick A. Waltman
Attorneys for Plaintiff
SHAYNA HILL

DATED: September 9, 2026 CARRINGTON COLEMAN

By: */s/Parker Graham*
Parker Graham
Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.