**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
Dick A. Semerdjian (SBN 123630)
Mikayla R. Preus (SBN 355008)
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email: das@sscelaw.com
mikayla@sscelaw.com

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
Parker Graham (Texas Bar No. 24087612)
(*Pro Hac Vice Application Forthcoming*)
pgraham@ccsb.com
Tayler Gray (Texas Bar No. 24131254)
(*Pro Hac Vice Application Forthcoming*)
tgray@ccsb.com
2200 Ross Ave, Suite 1800
Dallas, Texas 75201
Telephone: 214-855-3000
Facsimile: 214-580-2641

Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**DEFENDANT'S MOTION TO CONSOLIDATE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE**<br><br>Date:<br>Time:<br>Crtrm.: |

# I. INTRODUCTION

In June 2026, Plaintiff Shayna Hill filed this wage-and-hour case in California state court. ECF No. 1-2 at 21. Martin Marietta removed the case to this Court in August 2026. ECF No. 1. A few weeks later, Hill filed a nearly identical state court lawsuit under the California Private Attorneys General Act ("PAGA") alleging that Martin Marietta failed to properly pay employees. *See* Plaintiff's Original PAGA Complaint, attached hereto as **Exhibit 1** (hereinafter referred to as the "PAGA Complaint").[1] Martin Marietta removed the PAGA case too, which is now Case No. 3:26-cv-05633-DMS-DEB.

The Court should consolidate the PAGA case with this first-filed case. Both actions arise from Hill's employment with Martin Marietta, and both claim that Martin Marietta and the other John Doe defendants violated the same provisions of the California Labor Code. Given the commonality between the actions, maintaining separate lawsuits would lead to unnecessary duplication of efforts by the parties, waste judicial resources, and increase costs and confusion for the parties, their counsel, and the class members Plaintiff purports to represent. Consolidation pursuant to FED. R. CIV. P. 42(a) is therefore appropriate.

# II. FACTUAL BACKGROUND

## A. Plaintiff Files this Class Action Lawsuit.

On June 29, 2026, Plaintiff filed this class action lawsuit against Martin Marietta in the Superior Court of California, San Diego County, as Case No. 26CU035198C. ECF No. 1-3, Exh. A (hereinafter referred to as the "Class Action Complaint").

In the Class Action Complaint, Plaintiff Shayna Hill ("Plaintiff") asserts several causes of action,[2] primarily alleging that Defendant:

(1) Failed to compensate Plaintiff and class members for all hours suffered or permitted to

---

[1] Martin Marietta requests that this Court take judicial notice of the PAGA Complaint, which is attached hereto as **Exhibit 1**. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noting that courts may "take judicial notice of court filings and other matters of public record [as they] are readily verifiable, and therefor the proper subject of judicial notice").

[2] Hill includes minimal facts to support these causes of action. As explained elsewhere, Martin Marietta disputes that Hill is a valid class or collective representative.

work in violation of the applicable IWC Wage Order;

(2) Underpaid overtime, paid sick leave, and premiums by failing to include bonuses and other forms of remuneration in the regular rate of pay calculations;

(3) Maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and the covered employees; and

(4) Failed to reimburse Plaintiff and the covered employees for work related expenses.

Class Action Complaint ¶¶ 1-9. Plaintiff further alleges that Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis and that Defendants are "further liable for derivative claims for wage statements, untimely payment, and other associated violations." *Id.* ¶ 8. Plaintiff "seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs." *Id.* ¶ 9.

On August 7, 2026, Martin Marietta removed the Class Action Complaint to this Court. ECF No. 1. Plaintiff did not move to remand, and the deadline to do so has passed. 28 U.S.C. § 1447(c).

**B. Plaintiff Files the PAGA Lawsuit as a Separate Action.**

On August 27, 2026, Plaintiff, individually and on behalf of other aggrieved employees, filed a separate action under PAGA asserting nearly identical claims against the same Defendants in the Superior Court of California, San Diego County, as Case No. 26CU045923C. In the PAGA Complaint, Plaintiff asserts a single cause of action arising out of her employment with Defendants, for violation of California Labor Code § 2698 *et seq.*, primarily alleging that Defendants:

(1) Failed to compensate Plaintiff and covered employees for all hours suffered or permitted to work in violation of the applicable IWC Wage Order;

(2) Facilitated underpayment of wages by their company-wide practices of requiring off-the-clock work;

(3) Underpaid overtime, paid sick leave, and premiums by failing to include bonuses and other forms of remuneration in the regular rate of pay calculations;

(4) Maintained an unlawful policy and practice of deducting wages and earnings from

Plaintiff and the covered employees; and

(5) Failed to reimburse Plaintiff and the covered employees for work related expenses.

PAGA Complaint ¶¶ 1-9. Plaintiff further alleges that Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis and that Defendants are "further liable for derivative claims for wage statements, untimely payment, and other associated violations." *Id.* ¶ 8. Plaintiff "seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs." *Id.* ¶ 9.

On October 1, 2026, Martin Marietta removed the PAGA Complaint to the Southern District of California. Martin Marietta's Notice of Removal, attached hereto as **Exhibit 2**.[3] That case is now styled as Case No. 3:26-cv-05633-DMS-DEB.

Plaintiff is represented by the same counsel in each action. *See generally* ECF No. 1-3, Exh. A; PAGA Complaint.

## III. LEGAL STANDARD

A court may consolidate two actions pending in the same district when they "involve a common question of law or fact." FED. R. CIV. P. 42(a); *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). If this requirement is met, courts should consider discretionary factors, including balancing judicial convenience against any delay, confusion, or prejudice that may result from consolidation. *Blackwell v. Commercial Refrigeration Specialists, Inc.*, Nos. 2:20-cv-01968-KJM-CKD, 2:20-cv-02281, 2021 WL 2634501, at *6 (E.D. Cal. June 25, 2021). "The court may also consider 'the risk of inconsistent adjudications of common factual and legal issues.'" *Id.* (quoting *Ellison Framing Inc. v. Zurich Am. Ins. Co.*, Nos. 11-0122, 13-1761, 2013 WL 6488058, at *8-9 (E.D. Cal. Dec. 11, 2013)). "[W]hile a district court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012).

[3] Martin Marietta similarly requests that this Court take judicial notice of Martin Marietta's Notice of Removal of the PAGA Complaint as a court filing that may be judicially noticed. *See Reyn's Pasta Bella*, 442 F.3d at 746 n.6.

## IV. ARGUMENT

This Court should consolidate Plaintiff's cases because (1) both cases are pending in the same district; (2) the cases involve common questions of law and fact; and (3) the discretionary factors weigh in favor of consolidation.

### A. Plaintiff's cases are pending in the same district.

The PAGA Complaint and the Class Action Complaint are each currently pending in the Southern District of California. This threshold requirement is satisfied.

### B. The cases involve common questions of law and fact.

Consolidation is appropriate where, as here, there are common questions of law or fact. FED. R. CIV. P. 42(a). The common questions do not need to be identical. *Aroche v. Park*, No. SACV 17-0367-JGB (KK), 2017 WL 2857525, at *4, *7 (C.D. Cal. June 5, 2017) (allowing consolidation where legal claims were "substantially similar"). Courts may assess commonality based on the allegations in the complaints at issue. *See, e.g.*, *Blackwell*, 2021 WL 2634501, at *6.

Here, the PAGA Complaint and the Class Action Complaint are substantially identical, and many of the allegations and causes of action appear to be copied and pasted from one complaint to the other. Indeed, the core conduct complained of in each complaint is that Defendant: (1) failed to compensate Plaintiff and class members for all hours suffered or permitted to work in violation of the applicable IWC Wage Order; (2) underpaid overtime, paid sick leave, and premiums by failing to include bonuses and other forms of remuneration in the regular rate of pay calculations; (3) maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and the covered employees; and (4) failed to reimburse Plaintiff and the covered employees for work-related expenses.

In each, Plaintiff further alleges that Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis and that Defendants are "further liable for derivative claims for wage statements, untimely payment, and other associated violations." Class Action Complaint ¶ 8; PAGA Complaint ¶ 8. And in both, Plaintiff "seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs." Class Action Complaint ¶ 9; PAGA Complaint ¶ 9. Finally, the classes

of employees Plaintiff purports to represent in each action are identical in classification (non-exempt), geography (California), and alleged harm sustained (unpaid wages). Determination of these claims will therefore involve common questions of fact.

The PAGA Complaint and the Class Action Complaint also involve common questions of law. For example, each will require a determination of:

- Whether the employees were paid lawful minimum wages for all hours worked, in compliance with Labor Code Sections 1194 and 1197, and the applicable Wage Order(s);
- Whether Defendant took unlawful wage deductions in violation of Labor Code Sections 221 through 225;
- Whether employees were paid all applicable overtime, in compliance with Labor Code Sections 510, 1194, and 1198, and the applicable Wage Order(s);
- Whether employees were paid all required sick leave, in compliance with Labor Code Sections 246 through 248.7;
- Whether employees were paid all wages upon separation of employment, as required by Labor Code Sections 201, 202, 203, and 256;
- Whether Defendant failed to provide compliant wage statements in violation of Labor Code Sections 226 and 226.3;
- Whether Defendant failed to reimburse employee expenses in violation of Labor Code Sections 2802 and 2804; and
- Whether Defendant failed to maintain accurate records in violation of Labor Code Section 1174 and the applicable Wage Order(s).

The PAGA Complaint and Class Action Complaint therefore involve common questions of law ***and*** fact. *See Blackwell*, 2021 WL 2634501, at *6 (consolidating wage-and-hour class action with PAGA action because the set of claims in the class action was a “near mirror” of the PAGA

action, despite existence of additional claims in one of the actions).[4]

**C. The discretionary factors weigh in favor of consolidation.**

Where, as here, the *prima facie* requirements for consolidation are met, district courts must balance the judicial convenience that will result from consolidation against the potential for inconvenience, delay, confusion, or prejudice. *In re Oreck*, 282 F.R.D. at 490. None of these factors weigh against consolidation.

*First*, Plaintiff will not be inconvenienced by consolidation. Instead, if consolidation is denied, Plaintiff (and Defendant) will have to litigate nearly identical claims, resulting in duplicate discovery, motions practice, and pretrial proceedings. And dispositive motions, if filed, will be substantially identical given the substantially identical legal issues. *See Lopez v. Liberty Mut. Ins. Co.*, Nos. CV 14-05576 BRO (JCx), CV 14-05748, 2014 WL 12853283, at *5 (C.D. Cal. Oct. 24, 2014) (ordering consolidation where it "would serve judicial efficiency by reducing the time and effort needed to be expended by both the parties and this Court by avoiding the 'substantially duplicative' motions that are likely to be filed given the similar facts and legal issues"). Additionally, because the allegations involve the same or similar employees, "discovery will likely overlap to a large degree, and requiring the cases to maintain their separate character would cause unnecessary repetition and inefficiency." *Id.*

*Second*, consolidation will not delay the proceedings because both cases are in the very early stages of litigation. No discovery has been served, no depositions have been noticed, and neither case has been set for trial. *See In re Oreck*, 282 F.R.D. at 490; *Lopez*, 2014 WL 12853283 at *5 ("As the parties have not begun discovery in either case, consolidation would likely save the parties significant time and effort."). Moreover, the discovery in this case will be essentially identical to the discovery in the PAGA case. The parties in this case are negotiating a discovery protocol that will help streamline discovery. Requiring additional, separate discovery in a separate, identical case would be inconsistent with, and would in fact undo, the parties' efforts to maintain

---

[4] Martin Marietta does not concede that Plaintiff or any other non-exempt California employee was subject to any of the statutory violations alleged above, or even that the cited statutes apply to Plaintiff or the employees she seeks to represent. Instead, these are issues that will need to be litigated throughout the course of the case(s).

efficiency in this case.

*Third*, consolidation will not cause confusion. Indeed, given the similarities, consolidation would decrease the likelihood of confusion and inconsistent results, streamline the proceedings, and "prevent class member confusion." *See Ramirez v. HB USA Holdings, Inc.*, Nos. EDCV 20-1016 JGB (SHKx), CV 20-9748, 2021 WL 840353, at *2 (C.D. Cal. Jan. 15, 2021). Not consolidating the cases would also increase the risk of inconsistent outcomes, creating more confusion for the parties and the unnamed class members.

*Fourth*, Plaintiff will not be prejudiced by consolidation. Indeed, Plaintiff is the named representative in each case, and each case is being handled by the same law firm. Moreover, Plaintiff purports to represent the same group of non-exempt California employees in each case. Thus, for the reasons noted above, not consolidating the cases would be prejudicial to all parties, including the unnamed class members and allegedly aggrieved employees. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (ordering consolidation because, in part, the "[a]bsent class members will be served by consolidation because they will have just one case to monitor as it proceeds through litigation").

Thus, consolidation is appropriate.

## V. CONCLUSION

Defendant Martin Marietta therefore respectfully requests that the Court consolidate Case Nos. 3:26-cv-04529-LL-VET and 3:26-cv-05633-DMS-DEB pursuant to Rule 42(a) and reassign the later-filed action to this Court. Defendant further requests that the Court grant Defendant any additional relief that the Court determines is appropriate.

DATED: October 8, 2026

**CARRINGTON COLEMAN SLOMAN & BLUMENTHAL LLP**

By: */s/ Parker Graham*

Parker Graham
Dick A. Semerdjian
Attorneys for Defendant
MARTIN MARIETTA MATERIALS, INC.

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Southern District of California using the Electronic Case Filing system. Service on all attorneys of record who are Filing Users will be automatically accomplished through notice of electronic filing.

*/s/ Parker Graham*

**CERTIFICATE OF CONFERENCE**

I certify that on October 6 and October 8, 2026, counsel for Defendant conferred with Plaintiff's counsel via email. Counsel for Plaintiff indicated the motion was opposed, and the parties were not able to reach agreement regarding consolidation.

*/s/ Parker Graham*