Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
8/27/2026 11:57:31 AM

Clerk of the Superior Court
By H. Tran ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

SHAYNA HILL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,

Plaintiffs,

vs.

MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,

Defendants.

Case No. 26CU045923C

**Judge:**
**Department:**

**REPRESENTATIVE ACTION COMPLAINT**

1. Civil Penalties under the Private Attorneys General Act (Labor Code §§ 2698 *et seq.*)

Action Filed:

EXHIBIT
1

Plaintiff SHAYNA HILL, on behalf of all others similarly situated and the State of California under the Private Attorneys General Act ("Plaintiff") brings this REPRESENTATIVE ACTION COMPLAINT against Defendants MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive (collectively "Defendants"), alleging as follows:

## INTRODUCTION

1. This is a representative action filed for wage and hour violations of the California Labor Code.

2. Defendants failed to compensate Plaintiff and covered employees for all hours suffered or permitted to work in violation of the applicable IWC Wage Order.

3. Defendants' underpayment of wages was facilitated by their company-wide practices of requiring off-the-clock work.

4. Defendants also underpaid overtime, paid sick leave, and premiums by failing to include bonuses and other forms of remuneration in the regular rate of pay calculations.

5. Defendants maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and the covered employees

6. Defendants failed to reimburse Plaintiff and the covered employees for work related expenses.

7. Defendants' employment policies, practices, and payroll administration systems enabled and facilitated these violations on a company-wide basis with respect to the covered employees.

8. Defendants are further liable for derivative claims for wage statements, untimely payment, and other associated violations.

9. Plaintiff seeks to recover the underpaid damages, plus associated penalties, interests, attorney's fees and costs.

## JURISDICTION & VENUE

10. Jurisdiction of this action is proper in this Court under Article VI, Section 10 of the California Constitution as the causes of action are premised upon violations of California law.

11. The monetary damages and restitution sought exceed the minimal jurisdiction limits of the Superior Court.

12. This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avail themselves to the California economy so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

13. Venue is proper in this Court under Code of Civil Procedure sections 393(a), 395, and/or 395.5 because, upon information and belief, Defendants conducted business and committed some of the alleged violations in this County.

**PARTIES**

**A. Plaintiff Shayna Hill**

14. Plaintiff Hill is an individual over 18 years of age who worked for Defendants in California as a non-exempt employee from about April 2001 to April 2026. Plaintiff worked as a Safety Lead.

15. The State of California, via the Labor and Workforce Development Agency ("LWDA"), is the real party in interest in this action. (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal. 5th 73, 81 [The "government entity on whose behalf the plaintiff files suit is always the real party in interest."]). To the extent permitted by law, including pursuant *Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal. App. 5th 533 and *Rodriguez v. Packers Sanitation Services Ltd., LLC* (2025) 109 Cal.App.5th 69, the PAGA claim is brought exclusively as a representative action and does not include arbitrable claims.

**B. Defendants**

16. Defendant Martin Marietta Materials, Inc. is a North Carolina corporation that maintains operations and conducts business throughout the State of California, including in this county.

17. The true names and capacities, whether individual, corporate, or otherwise, of the parties sued as DOES 1 through 50, are presently unknown, unascertainable, or uncertain, and are sued by such fictitious names under Code of Civil Procedure section 474. Upon information and belief, each of DOES 1 through 50 constitutes a legal employer or is otherwise legally responsible in some manner for the acts and omissions alleged herein. This Complaint may be amended to reflect their

true names and capacities once ascertained.

18. Upon information and belief, Defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each of the Defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law.

19. Upon information and belief, at least some of the Defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein, including pursuant to Labor Code sections 558, 558.1, and 1197.1.

20. Upon information and belief, Defendants acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others.

## GENERAL ALLEGATIONS

21. During the relevant statutory period, Plaintiff and the covered employees worked for Defendants as non-exempt employees and were compensated on an hourly basis.

22. Defendants failed to pay Plaintiff and the covered employees at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages.

23. Specifically, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the covered employees to work off-the-clock without compensation. For example, Plaintiff recalls that Defendant required her to attend a mandatory eight-hour safety training on a Saturday, a day she was not otherwise scheduled to work. Plaintiff was explicitly prohibited from logging her time for this training and was forced to attend off-the-clock.

24. Consequently, Defendants failed to compensate Plaintiff for this mandatory safety training she was required to attend, instead paying her solely for the regular wages she earned during that pay period. Upon information and belief, Defendant's unlawful practice of requiring off-the-clock work was common amongst the covered employees. As a direct result of this practice, Defendants failed to pay Plaintiff and the covered employees for all hours actually worked.

25. Defendants maintained an unlawful, company-wide policy and practice of making unauthorized deductions from the wages and earnings of Plaintiff and the covered employees.

26. Specifically, Defendants systematically deducted the cost of a “commuter charge tax” from employees’ paychecks, even after rescinding their commuter designations and prohibiting them from using work vehicles for commuter purposes.

27. For example, Plaintiff was stripped of her commuter designation and work vehicle around January 5, 2026. Despite Plaintiff no longer possessing or using a work vehicle, Defendants continued to unlawfully deduct the commuter charge tax from Plaintiff’s wages through her final day of employment. These unlawful deductions are reflected in Plaintiff’s wage statements.

28. Plaintiff did not authorize Defendants to continue deducting these amounts from her pay after her commuter designation and vehicle were revoked. Although Plaintiff reported these improper deductions to Defendants on multiple occasions, Defendants consistently failed to address the ongoing issue or reimburse her for the unlawfully withheld wages. Upon information and belief, Defendants' unlawful practice of deducting wages without authorization or just cause was common among the covered employees.

29. Defendants failed to pay Plaintiff and the covered employees overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages.

30. Defendants regularly failed to compensate Plaintiff and the covered employees for time worked off-the-clock during mandatory training sessions off-the-clock. When Plaintiff and the covered employees worked more than eight hours per day or over forty hours in a single workweek as a result of these unrecorded hours, Defendants’ unlawful practices resulted in unpaid overtime wages.

31. Furthermore, Defendants failed to pay Plaintiff and the covered employees overtime and double-time wages at the correct “regular rate of pay.” Specifically, Defendants paid Plaintiff and the covered employees various forms of non-discretionary remuneration, including safety awards and "award spots,” but systematically failed to incorporate these non-discretionary wages into the employees' regular rate of pay for the purpose of calculating overtime and double-time premiums. In certain instances, Defendants unlawfully paid overtime hours at Plaintiff and the covered employees' straight hourly rate rather than the mandated statutory premium rate.

32. An illustrative example of this regular rate violation is reflected in Plaintiff's wage statement for the pay period of January 5, 2026, through January 11, 2026. During this period, Plaintiff worked 0.85 hours of overtime and concurrently earned a non-discretionary bonus of $165.99. However, Defendants unlawfully excluded this non-discretionary remuneration when calculating Plaintiff's overtime wages, instead paying her overtime premium based strictly on 1.5 times her base hourly rate of $37.27, rather than the lawfully required adjusted regular rate of pay.

33. Plaintiff alleges, upon information and belief, that Defendant's failure to calculate and pay overtime at the correct regular rate of pay was a systemic practice common to all covered employees. To the extent that other covered employees worked overtime while earning non-discretionary wages, Defendants routinely failed to properly calculate the regular rate of pay for their overtime wages throughout the statutory period.

34. Similarly, Defendants maintained an unlawful, company-wide policy and practice of failing to pay meal and rest period premium wages at the correct "regular rate of pay," as strictly required by California Labor Code section 226.7.

35. Defendants unlawfully excluded all earned non-discretionary wages from the calculation of the regular rate of pay for these premiums. As a direct result of this practice, to the extent Plaintiff and the covered employees received any meal or rest period premiums during pay periods in which they also earned non-discretionary pay, those premium wages were unlawfully underpaid.

36. Defendants failed to comply with California's paid sick leave laws with respect to Plaintiff and the covered employees.

37. Because Defendants systematically failed to record and compensate Plaintiff and the covered employees for all hours actually worked, Defendants failed to calculate and credit them with all paid sick leave hours that they had rightfully accrued.

38. Furthermore, each time Plaintiff and the covered employees worked unrecorded off-the-clock hours that resulted in unpaid overtime, Defendants failed to account for those actual overtime hours when calculating the employee's paid sick leave accrual. As a direct result of these unlawful timekeeping practices, Plaintiff and the covered employees were denied the total amount of accrued

paid sick leave they were entitled to based on their actual hours worked.

39. These violations create derivative liability for failure to timely pay all wages owed each payday or upon separation of employment. Specifically, Defendants failed to timely and fully compensate Plaintiff for all wages owed upon her termination. This failure includes, but is not limited to, Defendants' failure to pay Plaintiff her final earned wages and their failure to reimburse her for the wages that were unlawfully deducted from her earnings throughout her employment. Consequently, Plaintiff was denied all wages due and owing at the time of her separation.

40. Defendants required Plaintiff and the covered employees to incur costs and losses for work-related purposes without providing full reimbursement. As a direct consequence of the discharge of their job duties, Plaintiff and the covered employees unavoidably and necessarily incurred these losses, expenditures, and costs as a matter of company policy and practice.

41. Defendants failed to reimburse Plaintiff for the "commuter charge taxes" that were systematically deducted from her wages without authorization, even after she were no longer designated as a commuter or utilizing work vehicles. Upon information and belief, this unlawful practice was common among all covered employees.

42. Consequently, Plaintiff and the covered employees were forced to bear these necessary business-related losses and expenditures out of pocket. To the extent Defendants provided any reimbursement to Plaintiff and the covered employees, those amounts were unlawfully underpaid. At all relevant times, Defendants were legally obligated to fully indemnify and reimburse Plaintiff and the covered employees for all necessary expenditures or losses incurred, in strict compliance with the mandates of California Labor Code sections 2800 and 2802.

43. Defendants maintained an unlawful policy and practice of failing to provide Plaintiff and the covered employees with accurate written notice of their available paid sick leave balances, in direct violation of California Labor Code section 246(i).

44. Specifically, Defendants consistently failed to list an updated, accurate balance of available paid sick leave or paid time off (PTO) on Plaintiff’s and the covered employees’ itemized wage statements each pay period. Furthermore, Defendants failed to provide this statutorily mandated information in any separate writing provided on the designated pay dates.

45. To the extent that Defendants' wage statements or other documents reflected any sick leave balances at all, those balances were fundamentally inaccurate and deflated. Because Defendants systematically failed to record and compensate employees for all hours actually worked, including unrecorded off-the-clock work and mandatory training, the corresponding sick leave accruals reflected on any documentation were mathematically incorrect. This systematic failure left Plaintiff and the covered employees confused and unable to easily or promptly determine the actual amount of paid sick leave they had available to use.

46. Defendants failed to provide accurate itemized wage statements to the covered employees each pay period. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct “gross wages earned” or “net wages earned,” as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection and recording of “gross wages earned” on those wage statements.

47. Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead understated and underpaid, resulting in an inaccurate reflection on the pay stub.

48. Plaintiff and other covered employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information. Indeed, these wage statement violations are significant because they sow confusion among Plaintiff and other covered employees with respect to what amounts were owed and paid, at what rates, the number of hours worked, and how those amounts were or should be calculated. The wage statements reflect a false statement of earnings and concealed the underlying problems and underpayments of employee wages.

49. Because of the policies and practices set forth above, including the failure to accurately account for wages earned or hours worked, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

///

**FIRST CAUSE OF ACTION**

**CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT**

**Violation of Labor Code §§ 2698 *et seq.***

**(By Plaintiff on Behalf of the State and the Aggrieved Employees Against All Defendants)**

1. All outside paragraphs of this Complaint are incorporated into this section.

2. Plaintiff brings this cause of action as a proxy for the State of California on behalf of the following "aggrieved employees" pursuant to the Private Attorneys General Act ("PAGA"), codified as Labor Code section 2698 *et seq.*:

a. All current and former non-exempt employees who worked for Defendants in California at any time from one year prior to the postmark date of the initial PAGA notice through date of trial.

3. Plaintiff reserves the right to amend, supplement, or add to this description of the aggrieved employees, according to proof.

4. The State of California, via the Labor and Workforce Development Agency ("LWDA"), is the real party in interest in this action with respect to this cause of action. (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal. 5th 73, 81 [The "government entity on whose behalf the plaintiff files suit is always the real party in interest."])

5. Labor Code section 2699(a) provides: "Notwithstanding any other provision of law,, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees against whom a violation of the same provision was committed pursuant to the procedures specified in Section 2699.3. "

6. Any allegations regarding violations of the IWC Wage Orders are enforceable as violations of Labor Code section 1198, which states: "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

7. Labor Code section 2699.3 sets forth the procedure for commencing an action for civil penalties under the PAGA.

8. On or about **June 11, 2026**, Plaintiff paid the requisite PAGA filing fee and provided written notice (by online electronic filing with the LWDA and by certified mail to Defendants) of Defendants' alleged Labor Code violations, including the facts and theories to support the alleged violations.

9. A true and correct copy of Plaintiff's written PAGA notice, entitled "Notice of Labor Code Violations" is attached hereto as Exhibit 1 and incorporated by reference as though fully set forth herein (the "PAGA notice").

10. To date, neither Plaintiff nor Plaintiff's counsel has received a response to Plaintiff's written PAGA notice from the LWDA.

11. Within 33 calendar days of the postmark date of the notice sent by Plaintiff, neither Plaintiff nor Plaintiff's counsel has received written notice by certified mail from any defendant providing a description of any actions taken to cure the alleged violations.

12. Now that at least 65 days have passed from Plaintiff notifying Defendants of these violations, without notice of cure from Defendants or notice from the LWDA of its intent to investigate the alleged allegations and issue the appropriate citations to Defendants, Plaintiff exhausted all prerequisites and commenced this civil action under Labor Code section 2699 *et seq.*

13. As set forth in the PAGA notice attached as Exhibit 1 and incorporated into this Complaint, Defendants committed the following violations and are liable for all corresponding civil penalties:

a. ***Unpaid Hours Worked/Minimum Wage.*** Violation of Labor Code §§ 1194, 1197, 1198; IWC Wage Orders.

b. ***Unlawful Wage Deductions.*** Violation of Labor Code §§ 221 through 225.

c. ***Unpaid Overtime***. Violation of Labor Code §§ 510, 1194, 1198; IWC Wage Orders.

d. ***Unpaid Paid Sick Leave.*** Violation of Labor Code §§ 246 through 248.7.

e. ***Untimely Payment of Wages During Employment.*** Violation of Labor Code

§§ 204, 204b, 210.

f. ***Untimely Payment of Wages Upon Separation of Employment.*** Violation of Labor Code §§ 201, 202, 203, 256.

g. ***Non-Compliant Wage Statements.*** Violation of Labor Code §§ 226, 226.3.

h. ***Unreimbursed Employee Expenses.*** Violation of Labor Code §§ 2802, 2804.

i. ***Failure to Maintain Accurate Records.*** Violation of Labor Code § 1174; IWC Wage Orders.

14. Plaintiff seeks to collect all recoverable civil penalties for the Labor Code violations alleged in this Complaint and the PAGA notice (including amendments thereto) against Defendants pursuant to Labor Code section 2699(a) and (f), in addition to attorneys' fees, costs, and interest to the extent permitted by law, including under Labor Code section 2699(k).

**PRAYER**

Plaintiff prays for judgment as follows:

a. For recovery of all statutory penalties and liquidated damages;

b. For disgorgement of all amounts wrongfully obtained to the extent permitted by law;

c. For restitution and injunctive relief;

d. For attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under Labor Code §§ 218.5, 226, 1194, 2802 and Code of Civil Procedure § 1021.5.;

e. For recovery of damages in amount according to proof;

f. For all recoverable pre- and post-judgment interest;

g. For this action to be maintained as a representative action under the PAGA;

h. For Plaintiff and counsel of record to be provided with all enforcement capability as if the action were brought by the State of California or the California Division of Labor Enforcement;

i. For recovery of all civil penalties and other recoverable amounts under the PAGA;

j. For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, associated with the PAGA claims pursuant to Labor Code § 2699, and Code of Civil Procedure section 1021.5 and any other applicable sections; and

k. For such other relief the Court deems just and proper.

Dated: August 27, 2026

***Ferraro Vega Employment Lawyers, Inc.***

Andrew T. Katseanes
Rick A. Waltman
*Attorneys for Plaintiff Shayna Hill*

# **EXHIBIT 1**

**Notice of Labor Code Violations**

FERRARO VEGA
SAN DIEGO EMPLOYMENT LAWYERS

Nicholas J. Ferraro
nick@ferrarovega.com
Lauren N. Vega
lauren@ferrarovega.com

ATTORNEYS AT LAW
3333 Camino del Rio South, Suite 300
San Diego, California 92108

619-693-7727
619-350-6855 fax
ferrarovega.com

June 11, 2026

**NOTICE OF LABOR CODE VIOLATIONS**
**CALIFORNIA LABOR CODE SECTIONS 2698 *et seq.***

**VIA CERTIFIED U.S. MAIL**
***- Electronic Return Receipt -***

**Martin Marietta Materials, Inc.**
4123 Parklake Avenue
Raleigh, NC 27612

***- PAGA Notice & Filing Fee -***
Submitted electronically to the Labor and Workforce Development Agency

Dear LWDA Officer and Company Representatives:

This letter serves as written notice under Labor Code section 2699.3 on behalf of **SHAYNA HILL** ("Plaintiff(s)") and all other "covered employees" of the following "Defendant(s)":

**MARTIN MARIETTA MATERIALS, INC**

Defendants shall mean and include the foregoing in addition to any other related employer entities, individuals under Labor Code sections 558 and 558.1, and all others who may be later added upon further investigation and discovery as liable employers.

This office serves as legal counsel for Plaintiff. If the California Labor and Workforce Development Agency ("LWDA") does not investigate the facts, allegations, and violations set forth in this notice within the statutorily prescribed 65-day period under Labor Code section 2699.3, Plaintiff intends to commence a civil action against Defendants as a proxy and agent of the State of California under the Private Attorneys General Act ("PAGA"). "PAGA allows an 'aggrieved employee'—a person affected by at least one Labor Code violation committed by an employer—to pursue penalties for all the Labor Code violations committed by that employer." *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745, 751; *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 79. Plaintiff maintains standing to pursue these claims against Defendants as an aggrieved employee.

Through this notice, Plaintiff requests that Defendants complete an internal investigation and audit of the wage and hour and employment practices at issue and make a good faith

effort to correct any violations. Plaintiff attempts to identify the non-compliant policies and practices affecting the aggrieved employees so that the parties may resolve the underlying damages and penalties in judgment or settlement approved by the Superior Court of California under Labor Code section 2699(s). Defendants are notified that any attempt to resolve this case should be conducted in coordination with Plaintiff's counsel to protect the interests of Plaintiff, the aggrieved employees, and the State of California via the LWDA. Plaintiff advises Defendants that this letter should also be considered a reasonable attempt at settlement of this matter, subject to an exchange of additional documents and information. *Graham v. Daimler Chrysler Corp.* (2004) 24 Cal.4th 553, 561.

## - BACKGROUND -

Defendants employed Plaintiff during the PAGA Period in the position of Safety Lead from about April 2001 to April 2026. During their employment, Plaintiff and the other covered (i.e., aggrieved) employees were subject to the wage and hour and employment protections outlined in the California Labor Code and IWC Wage Orders.

Through this notice, Plaintiff informs the LWDA of the Labor Code violations set forth herein. The "aggrieved employees" include Plaintiff and the following individuals:

> All current and former non-exempt employees, including those misclassified as non-exempt who worked for Defendants in the State of California during one-year period preceding the date of this notice through the current date and the date of trial in any pending action (the "covered employees" and the "PAGA Period"). As defined, these covered current and former employees are "aggrieved employees" under PAGA.

Plaintiff reserves the right to expand or narrow the definition of the "covered employees" in the forthcoming civil action. Furthermore, Plaintiff seeks all recoverable civil penalties for Defendants' violations and reserves the right to supplement this notice as further investigation is completed and further facts, witnesses, and violations are uncovered.

## - PAGA CLAIMS -

### Unpaid Hours Worked/Minimum Wage
### Violation of Labor Code §§ 1194, 1197, 1198; IWC Wage Orders

Defendants violated Labor Code sections 1194, 1197, and 1198, along with the California Minimum Wage Order, the applicable local minimum wage ordinances, and the "Hours and Days of Work" and "Minimum Wages" sections of the applicable IWC Wage Orders with respect to the covered employees.

Labor Code section 1194 renders it unlawful for an employee to receive less than the legal minimum wage for hours worked in California. Labor Code section 1197 further mandates

that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful." Labor Code section 1198 renders "employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the [IWC Wage Orders]" unlawful. The California Minimum Wage Order and the applicable sections of the IWC Wage Orders further require payment of minimum wages for all hours worked. The "Minimum Wages" sections of the applicable IWC Wage Order provide that "[e]very employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise." The foregoing California wage laws require payment of "not less than the applicable minimum wage *for all hours worked* in the payroll period" and California law does not allow averaging of pay over the hours worked in the pay period, even if the total pay results in an average above the minimum wage. *Armenta v. Osmose, Inc.* (2005) 135 Cal.App.3d 314, 324.

Defendants failed to pay Plaintiff and the aggrieved employees at the lawful minimum wage rate for all hours worked, resulting in unpaid minimum wages. Specifically, Defendants engaged in an unlawful policy and practice of requiring Plaintiff and the aggrieved employees to work off-the-clock without compensation. For example, Plaintiff recalls that Defendant required her to attend a mandatory 8-hour safety training on a Saturday where she wasn't scheduled to work. Plaintiff was not allowed to log the time she spent being trained while off-the-clock. Furthermore, Defendants failed to compensate Plaintiff for the mandatory safety training she was required to attend, instead paying her solely for the regular wages she earned during that pay period. Defendant's unlawful practice of requiring off-the-clock work was common amongst the aggrieved employees. Therefore, Defendants failed to pay Plaintiff and the aggrieved employees for all hours worked as a direct result of their practice of requiring off-the-clock work to be completed during mandatory training.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**Unlawful Wage Deductions**
**Violation of Labor Code §§ 221 through 225**

Defendants violated Labor Code sections 221 through 225 with respect to the covered employees.

Labor Code section 221 renders it "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Labor Code section 222 renders it illegal to unlawfully withhold any part of wages agreed upon from the employee. Labor Code section 222.5 renders it unlawful to deduct from employee compensation, or require employee payment, for pre-employment medical or physical examination taken as a condition of employment. Labor Code section 223 states "[w]here

any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

Defendants maintained an unlawful policy and practice of deducting wages and earnings from Plaintiff and the aggrieved employees. Specifically, Defendants had the policy and practice of deducting the cost of the aggrieved employees' commuter charge tax from their pay, even after rescinding their commuter designation and prohibiting them from using work vehicles for commuter purposes. For example, Plaintiff was stripped of her commuter designation and work vehicle around January 5, 2026. Defendants continued to deduct the commuter charge tax from Plaintiff's wages as if she were still in possession of her work vehicle and using it as a commuter up until her final day of work. An illustrative example of this violation is shown below:

CO 000000-000000
YP6

Martin Marietta Materials, Inc.
4123 Parklake Ave
Raleigh, NC 27612

**Earnings Statement**

| | |
|---|---|
| Employee ID | 978506 |
| | Page 001 of 001 |
| Period Beginning: | 01/05/2026 |
| Period Ending: | 01/11/2026 |
| Advice Date: | 01/16/2026 |
| Advice Number: | SCHTSW8HZQGJ |
| Batch Number: | 0000006603 |

**Hill, Shayna D**
[redacted]

**For inquiries on this statement please call: 919-781-4550**
Total Hours Worked: 40.85
Basis of Pay: Hourly
Pay Rate: 37.27

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| Overtime 1.5 | 55.9050 | 0.85 | 47.53 | 251.61 |
| Regular | 37.2700 | 40.00 | 1490.81 | 2832.56 |
| Award Spot | | | 165.99 | 165.99 |
| Holiday | | | 0.00 | 894.48 |
| PTO | | | 0.00 | 745.40 |
| Meal & Rest | | | 0.00 | 37.27 |
| Gross Pay | | | 1704.33 | 4927.31 |

| Other Benefits and Information | This Period | Year-to-Date |
|---|---|---|
| **Imputed Income** | | |
| Imputed Income - | 11.73 | 35.19 |
| Imputed Income - | 13.62 | 40.86 |
| **Company-Paid Deds** | | |
| Employer - Medica | 132.06 | 396.18 |
| Employer - LTD 50 | 4.77 | 14.31 |

**Extract from Plaintiff's Wage Statements for the Pay Period 01/05/2026 - 01/11/2026**

CO
YP6

000000-000000

Martin Marietta Materials, Inc.
4123 Parklake Ave
Raleigh, NC 27612

**Earnings Statement**

| | |
|---|---|
| Employee ID | 978506 |
| | Page 001 of 001 |
| Period Beginning: | 03/23/2026 |
| Period Ending: | 03/29/2026 |
| Check Date: | 04/02/2026 |
| Check Number: | SCOTFGOOCLEJ |
| Batch Number: | 0010655324 |

**Hill, Shayna D**
**9260 ELLENBEE RD**
**SANTEE, CA 92071**

**For inquiries on this statement please call: 919-781-4550**

| | |
|---|---|
| Total Hours Worked: | 84.53 |
| Basis of Pay: | Hourly |
| Pay Rate: | 37.27 |

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| Regular | 37.2700 | 72.00 | 2683.45 | 18333.87 |
| Overtime 1.5 | 55.9050 | 12.53 | 700.70 | 1875.82 |
| PTO Payout | 37.2700 | 158.20 | 5896.12 | 5896.12 |
| PTO | | | 0.00 | 2832.52 |
| Meal & Rest | | | 0.00 | 186.35 |
| Award Spot | | | 0.00 | 165.99 |
| Holiday | | | 0.00 | 894.48 |
| Gross Pay | | | 9280.27 | 30185.15 |

| Other Benefits and Information | This Period | Year-to-Date |
|---|---|---|
| **Imputed Income** | | |
| Imputed Income - | 11.73 | 164.22 |
| Imputed Income - | 13.62 | 190.68 |
| **Company-Paid Deds** | | |
| Employer - Dental | 6.09 | 85.26 |
| Employer - Basic | 3.56 | 49.84 |
| Employer - Vision | 0.93 | 13.02 |

**Extract from Plaintiff's Wage Statements for the Pay Period 03/23/2026 - 03/29/2026**

Here, Defendants deducted $11.73 and $13.62 for "imputed income," specifically the commuter charge tax that was deducted from Plaintiff's wages when she was allowed to use her work vehicle for commuting. Plaintiff was aware of these deductions and did not authorize Defendants to continue deducting these amounts from her pay after she was stripped of her commuter designation and her work vehicle. Defendants deducted the commuter charge tax from Plaintiff's wages during every pay period following her being stripped of her commuter designation in January 2026. Plaintiff reported this issue to Defendants on multiple occasions, but Defendants consistently failed to address the ongoing deductions or reimburse her for the wages she was deprived of. Defendant's unlawful practice of deducting wages from employees without authorization or just cause was common amongst the aggrieved employees.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**<u>Unpaid Overtime</u>**
**Violation of Labor Code §§ 510, 1194, 1198; IWC Wage Orders**

Defendants violated Labor Code sections 510, 1194, and 1198, along with the "Hours and Days of Work" sections of the applicable IWC Wage Orders with respect to the covered employees.

<u>Labor Code section 510</u> requires "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than

one and one-half times the regular rate of pay for an employee;" and "any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee;" and "any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." Labor Code section 1194 renders it unlawful for an employee to receive less than the legal overtime rate for overtime hours worked in California. Labor Code section 1198 renders "employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the [IWC Wage Orders]" unlawful. The IWC Wage Orders further require payment of overtime wages for all overtime hours worked, including the "Hours and Days of Work" sections.

Defendants failed to pay Plaintiff and the covered employees overtime wages and the lawful rate of pay for overtime hours worked, resulting in unpaid overtime wages. Firstly, as stated in the "Unpaid Hours Worked" section above, Defendants regularly failed to compensate Plaintiff and the aggrieved employees for time worked during mandatory training sessions while they were off-the-clock. When Plaintiff and the aggrieved employees worked more than 8 hours per day or over 40 hours in one week, these practices resulted in unpaid overtime wages.

Secondly, Defendants failed to pay Plaintiff and the aggrieved employees overtime and double time at the correct "regular rate of pay." Defendants unlawfully paid overtime to Plaintiff and the aggrieved employees at their straight hourly rate. For each overtime hour worked, Defendants should have paid overtime "***at a rate no less than one and one-half times the regular rate of pay for an employee"*** as required by the plain language of Labor Code section 510(a) and the IWC Wage Orders. Defendants paid Plaintiff and the aggrieved employees safety awards, award spots, and other forms of non-discretionary wages that Defendants failed to incorporate into the overtime and double time rate in the pay periods when employees worked overtime and double time hours. Defendant's failure to pay overtime at the regular rate of pay was common to the covered employees.

An illustrative example of this violation is shown on Plaintiff's wage statement below:

CO 000000-000000
YP6

Martin Marietta

*Martin Marietta Materials, Inc.*
*4123 Parklake Ave*
*Raleigh, NC 27612*

**Earnings Statement**

Employee ID 978506
Page 001 of 001
Period Beginning: 01/05/2026
Period Ending: 01/11/2026
Advice Date: 01/16/2026
Advice Number: SCHTSW8HZQGJ
Batch Number: 0000006603

**Hill, Shayna D**
[redacted]

**For inquiries on this statement please call: 919-781-4550**
Total Hours Worked: 40.85
Basis of Pay: Hourly
Pay Rate: 37.27

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| Overtime 1.5 | 55.9050 | 0.85 | 47.53 | 251.61 |
| Regular | 37.2700 | 40.00 | 1490.81 | 2832.56 |
| Award Spot | | | 165.99 | 165.99 |
| Holiday | | | 0.00 | 894.48 |
| PTO | | | 0.00 | 745.40 |
| Meal & Rest | | | 0.00 | 37.27 |
| Gross Pay | | | 1704.33 | 4927.31 |

| Other Benefits and Information | This Period | Year-to-Date |
|---|---|---|
| **Imputed Income** | | |
| Imputed Income - | 11.73 | 35.19 |
| Imputed Income - | 13.62 | 40.86 |
| **Company-Paid Deds** | | |
| Employer - Medica | 132.06 | 396.18 |
| Employer - LTD 50 | 4.77 | 14.31 |
| [illegible] | [illegible] | [illegible] |

**Extract from Plaintiff's Wage Statements for the Pay Period 01/05/2026 - 01/11/2026**

Here, Plaintiff worked 0.85 hours of overtime during the same pay period in which she earned a non-discretionary bonus of $165.99. However, Defendants failed to include these additional wages into Plaintiff's regular rate of pay correctly and calculated her overtime wages during this pay period at a deficient rate. Defendants failed to properly include all non-discretionary wages in the regular rate of pay for Plaintiff's overtime wages, instead paying out her overtime wages at a straight rate of 1.5x her base rate of $37.27. Plaintiff alleges, on information and belief, that Defendant's failure to pay overtime at the regular rate of pay was common to the aggrieved employees. To the extent that other aggrieved employees worked overtime while earning non-discretionary wages, Defendants failed to correctly calculate the regular rate of pay for their overtime wages during the statutory period.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**Unpaid Paid Sick Leave**
**Violation of Labor Code §§ 246 through 248.7**

Defendants violated Labor Code sections 246 through 248.7 with respect to the covered employees.

Labor Code section 246 requires employers to provide paid sick leave to its workforce on the terms set forth in the statute. Employers must comply with the accrual, use, and notice provisions of Labor Code sections 246, 246.5, 247, and must further ensure that they maintain the paid sick leave records required by Labor Code section 247.5. Employers have the option of providing 40 hours of paid sick leave to employees or to allow employees to

accrue paid sick leave each pay period. If an employer chooses the accrual method, employees must accrue sick leave at a rate of one hour for every thirty hours worked in a given pay period as set forth in Labor Code section 246(b)(1). Under the accrual method, employees must begin accruing paid sick leave at the commencement of employment.

Employers must pay sick leave in accordance with one of the three permissible methods provided in Labor Code section 246(l): (1) "the same manner as the regular rate of pay for the workweek;" (2) "by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days;" or (3) "for exempt employee … in the same manner as the employer calculates wages for other forms of paid leave time." Labor Code sections 248.6 and 248.7 similarly require paid sick leave to be paid at a regular rate-based calculation in excess of the base hourly rate and at the lawful accrual rate.

Under Labor Code section 246(i), employers must provide employees "with written notice of the amount of paid sick leave available … for use on either the employee's itemized wage statement … or in a separate writing provided on the designated pay date with the employee's payment of wages."

Defendants failed to comply with California's paid sick leave laws with respect to Plaintiff and the aggrieved employees. Because Defendants failed to record and pay for all hours that Plaintiff and the aggrieved employees worked, Defendants failed to credit them with all paid sick leave hours that they actually accrued. Additionally, each time Plaintiff and the aggrieved employees worked off-the-clock, resulting in unpaid overtime, the overtime hours they actually worked were not accounted for when calculating an employee's accrued paid sick leave. Therefore, Plaintiff and the aggrieved employees were not awarded the total accrued paid sick leave they were entitled to.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**Untimely Payment of Wages During Employment**
**Violation of Labor Code §§ 204, 204b, 210**

Defendants violated Labor Code sections 204 and/or 204b and 210, as applicable, with respect to Plaintiff and the covered employees.

Labor Code section 204(a) requires payment of "all wages" for non-exempt employees at least twice each calendar month. Labor Code section 204(d) states all wages due must be paid "not more than seven calendar days following the close of the payroll period." Labor Code section 204b applies to employees paid on a weekly basis and also requires the payment for all labor within the required pay periods. Labor Code section 210 provides "every person who fails to pay the wages of an employee as provided in Section … 204 …

shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

Because Defendants failed to pay all wages and premiums in each pay period in which such wages were earned at the lawful rate, Defendants violated Labor Code section 204 and/or 204b (for weekly employees, as applicable). Defendants violated Labor Code sections 204 and 204b by failing to pay all wages and premiums owed on the regular pay days scheduled each pay period within seven calendar days of the close of the payroll period, as a result of the policies and practices set forth in this notice.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**Untimely Payment of Wages Upon Separation of Employment**
**Violation of Labor Code §§ 201, 202, 203, 256**

Defendants violated Labor Code sections 201, 202, and 203 with respect to the covered employees by failing to pay all wages and premiums owed upon termination of employment.

Labor Code section 201 requires that if an employer fires an employee, the wages must be paid immediately. Labor Code section 202 requires that if an employee quits without providing 72 hours' notice, his or her wages must be paid no later than 72 hours thereafter. Labor Code section 202 states that if an employee provides 72 hours' notice, the final wages are payable upon his or her final day of employment. Labor Code section 203 requires an employer who fails to comply with Labor Code sections 201 or 202 to pay a waiting time penalty for each employee, up to a period of 30 days additional compensation.

Defendants failed to pay all wages and premiums owed to Plaintiff and the aggrieved employees during their employment as outlined in this notice, and also failed to timely pay those amounts to departing employees upon separation of employment. Specifically, Defendants failed to compensate Plaintiff for her final wages and deducted wages that were not reimbursed to her upon termination. This is indicative of a common practice amongst the aggrieved employees. Defendants did not pay waiting time penalties for the late payments. As a result, Defendants violated Labor Code sections 201, 202, and 203.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**<u>Non-Compliant Wage Statements</u>**
**Violation of Labor Code §§ 226, 226.3**

Defendants violated Labor Code sections 226(a) and 226.3 with respect to the covered employees by failing to furnish itemized wage statements each pay period that accurately list all information required by Labor Code section 226(a)(1) through (9).

<u>Labor Code section 226(a)</u> requires an employer to furnish wage statements to employees semimonthly or at the time of each payment of wages, "an accurate itemized statement in writing showing:" (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and applicable piece-rate in effect, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and last four digits of SSN or an EIN, (8) the name and address of the legal name of the employer, and (9) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate by the employee.

Defendants failed to provide accurate itemized wage statements to the covered employees each pay period as a result of the policies and practices set forth in this notice. Defendants violated Labor Code section 226(a)(1) and (5) by not listing the correct "gross wages earned" or "net wages earned," as the employees earned wages and premiums that were not paid, resulting in an inaccurate reflection and recording of "gross wages earned" on those wage statements. Likewise, in violation of Labor Code section 226(a)(9), Defendants failed to state on employee wage statements each pay period the applicable hourly rates in effect and the number of hours worked at that rate, as Defendants failed to pay all wages and premiums owed to employees. The amounts stated are instead understated and underpaid, resulting in an inaccurate reflection on the pay stub.

Plaintiff and other covered employees cannot promptly and easily determine from the wage statement alone the wages paid or earned without reference to other documents or information. Indeed, these wage statement violations are significant because they sow confusion among Plaintiff and other covered employees with respect to what amounts were owed and paid, at what rates, the number of hours worked, and how those amounts were or should be calculated. The wage statements reflect a false statement of earnings and concealed the underlying problems and underpayments of employee wages.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**Unreimbursed Employee Expenses**
**Violation of Labor Code §§ 2802, 2804**

Defendants violated Labor Code section 2802 with respect to the covered employees by failing to reimburse the covered employees for all necessary expenditures or losses incurred as part of their job duties.

Labor Code section 2802 requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful." *See, e.g., Espinoza v. West Coast Tomato Growers, LLC*, 2016 WL 4468175 at *4, n.2 (S.D. Cal. Aug. 24, 2016, No. 14-CV-2984 W (KSC)).

Labor Code section 2804 affirms that "[a]ny contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

Defendants required Plaintiff and the covered employees to incur costs for work-related purposes without full reimbursement. In direct consequence of their job duties, Plaintiff and the aggrieved employees unavoidably and necessarily incurred these losses, expenditures, costs, and as a matter of policy and practice. As detailed above, Defendants failed to provide Plaintiff and the aggrieved employees with reimbursement for commuter charge taxes that were deducted from their wages without authorization or designation as a commuter. This practice was common amongst all aggrieved employees.

Thus, in direct consequence of their job duties, Plaintiff and the aggrieved employees unavoidably and necessarily incurred these losses, expenditures, and costs as a matter of policy and practice. To the extent Defendants reimbursed Plaintiff and the aggrieved employees, these amounts were underpaid. At all times, Defendants were required to comply with the reimbursement mandate of Labor Code sections 2800 and 2802.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**Failure to Maintain Accurate Records**
**Violation of Labor Code § 1174; IWC Wage Orders**

Defendants violated Labor Code sections 1174 and the IWC Wage Orders by failing to maintain accurate employee payroll records with respect to Plaintiff and other covered employees.

Labor Code section 1174 requires that employers maintain accurate "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments." Section 7(A) of the IWC Wage Orders, which may be enforced through Labor Code section 1198, mandates similar recordkeeping obligations.

Because of the policies and practices set forth in this notice, including the failure to accurately account for wages earned or hours worked, Defendants failed to accurately maintain records in accordance with Labor Code section 1174 and the IWC Wage Orders.

As a result, Plaintiff may recover civil penalties as an individual and on behalf of the State of California and the covered employees, up to the maximum amount allowed as set forth under the Labor Code.

**Attorneys' Fees and Costs**
**Labor Code § 2699(k)(1)**

Plaintiff has been compelled to retain the services of counsel to protect the interests of other covered employees and the State of California. Plaintiff continues to incur attorneys' fees and costs, which are recoverable under California law, including Labor Code section 2699(k)(1).

## - LITIGATION HOLD NOTICE –

This letter imposes a duty upon all Defendants and their respective employees, officers, directors, executives, attorneys, human resource and payroll personnel, accountants, and other agents to preserve all physical and electronic evidence, including electronically stored information and emails, which relate to the employment of Plaintiff and the covered employees specified in this notice. Evidence includes, but is not limited to, Defendants' written employment and payroll policies and handbooks; the covered employees' personnel files and payroll records, such as paystubs, time records, wage statements, compensation reports, as well as the underlying electronic data in Excel or similar format. Memoranda and internal and external correspondence relating to the subject matter of this notice shall also be maintained. Failure to preserve and retain relevant evidence may constitute spoliation of evidence and result in an adverse inference or sanctions.

If you have any questions regarding the scope of your obligations to preserve evidence, please consult your legal counsel and always err on the side of caution. Periodic or regularly scheduled purges or deletions of information covered by this hold must be suspended immediately.

## - CONCLUSION -

If the LWDA does not pursue enforcement, Plaintiff intends to bring representative claims on behalf of the State of California and the covered employees seeking civil penalties for violations of the Labor Code and the IWC Wage Orders, along with attorneys' fees, costs, interest, and other appropriate relief.

Please advise if the LWDA intends to investigate any of the factual or legal allegations set forth in this notice. Defendants may contact Plaintiff's counsel with any questions regarding this letter or the forthcoming lawsuit.

Sincerely,



Andrew T. Katseanes

CY

Cc Plaintiff Shayna Hill
HR Representative, Tracy Garcia - tracy.garcia@martinmarietta.com