Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>Hon. Valerie E. Torres<br><br>**<u>CLASS ACTION</u>**<br><br>**JOINT STATUS REPORT RE: SAMPLING PROTOCOL**<br><br>Status Conference:<br>Date: October 20, 2026<br>Time: 10:00 a.m. (video)<br><br>Action Filed: June 29, 2026<br>Removed: August 7, 2026 |

Pursuant to Paragraph 1 of the Court's Scheduling Order (ECF No. 12), Plaintiff SHAYNA HILL ("Plaintiff") and Defendant MARTIN MARIETTA MATERIALS, INC. ("Defendant") (together, the "Parties") submit this joint status report regarding their negotiations on a sampling protocol for class data, in advance of the video Status Conference set for October 20, 2026, at 10:00

a.m. To summarize, the Parties have agreed on the terms except the date range, which is set forth in section b below.

**SAMPLING PROTOCOL**

(a) **Definitions:**

(i) <u>"Covered Employees"</u> are current and former hourly, non-exempt employees who worked for Defendant in California during the applicable Time Period.

(ii) <u>"Additional Remuneration"</u> means any bonus, award (including safety awards and "award spots"), incentive, or similar payment in addition to hourly wages, however classified.

(iii) <u>"Outstanding Discovery Requests"</u> refers to the discovery requests served by Plaintiff on Defendant on October 5, 2026.

(b) **Time Period:**

<u>Plaintiff's Proposal</u>: Plaintiff proposes using two separate samples, as set forth below:

(iv) <u>Pre-Settlement Sample</u>. Covered Employees who, in at least one pay period in the Pre-Settlement Period, were paid both paid sick leave and Additional Remuneration, from June 29, 2022, through the date of Defendant's data extraction.

(v) <u>Post-Settlement Sample</u>. Covered Employees who worked during the period of September 26, 2025, through the date of Defendant's data extraction.

<u>Defendant's Proposal</u>: The time period should be after September 26, 2025. That is because Martin Marietta settled a prior class and collective action where all hourly California employees (including Ms. Hill) released all their wage and hour claims through September 26, 2025. Therefore, discovery before that time period is irrelevant and improper. Fed. R. Civ. P. 26(b) (scope

of discovery is relevant information); *Herbert v. Lando*, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649, 60 L. Ed. 2d 115 (1979) ("[T]he requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied"); *Pulte Home Corp. v. TIG Ins.*, No. 3:16-CV-02567-H-AGS, 2021 WL 3721687, at *2 (S.D. Cal. Aug. 23, 2021) ("Discovery requests seeking irrelevant information are inherently undue and burdensome.").

Plaintiff incorrectly contends that the prior settlement does not encompass her allegation that Martin Marietta miscalculated the regular rate of pay and thus short-changed her sick pay. Not correct. The prior class and collective likewise claimed that Martin Marietta miscalculated the regular rate of pay and thereby short-changed their pay. In the settlement, they released all claims that were, or reasonably could have been, asserted under the California Labor Code and other local, state, or federal laws. Res judicata bars any claims regarding Martin Marietta miscalculating the regular rate of pay before September 26, 2025. *See Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 590 [117 Cal.Rptr.3d 398, 420]; *Moreno v. Lane Bryant*, Inc., 2011 WL 13217973, at *4 (C.D. Cal., Jan. 25, 2011).

Plaintiff's Response: The prior settlement does not shorten the liability period for Plaintiff's paid sick leave claims. That settlement released only claims "that were alleged, or reasonably could have been alleged, based on the Class Period facts stated in the Operative Complaint." (Settlement Agreement ¶ 5.1, *Shwiyhat v. Martin Marietta Materials, Inc.*, No. STK-CV-UOE-2025-0010132 (Cal. Super. Ct. San Joaquin Cnty.).) The settling parties prepared the Operative Complaint for the express purpose of alleging all claims to be released. (*Id.* ¶ 2.1.) Yet the Operative Complaint asserts no cause of action for failure to pay sick leave, cites no paid sick leave statute, and alleges no facts regarding Defendant's failure to pay sick leave at the proper

rate. Its only allegations of regular rate miscalculation concern overtime. A class settlement may release only those unpleaded claims that are "based on the identical factual predicate as that underlying the claims in the settled class action." *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)). Paid sick leave is a distinct payment, subject to its own statutory rate requirement (Lab. Code § 246(l)), and owed only when an employee uses sick leave. Because the prior action alleged nothing about the rate at which Defendant paid sick leave, Plaintiff's paid sick leave claims do not share an identical factual predicate with the settled claims and were not released. Plaintiff's paid sick leave claims therefore extend through the full limitations period beginning June 29, 2022, and records from that period are relevant. In any event, release and res judicata are affirmative defenses on which Defendant bears the burden, and Defendant's position on the merits of those defenses is not a basis to foreclose discovery relevant to Plaintiff's claims.

(c) **Sampling Method:** Defendant will list all Covered Employees by employee ID, randomly select **<u>25%</u>** (rounded up) using Excel's random number function or an equivalent, and disclose the pool size, number selected, method, and selected employee IDs before producing. If the sample proves inadequate (e.g., insufficient individuals who received either paid sick leave or Additional Remuneration), Plaintiff may request additional records after meeting and conferring.

(d) **Records to be Produced:** Defendant will produce the following records to Plaintiff regarding the sampled Covered Employees for the respective time period: (1) time records; (2) pay statements; (3) relevant wage-and-hour policies; (4) any meal or rest period waivers for the sampled Covered Employees; and (5) prior settlement agreements covering the potential class.

(e) **Effect on the Outstanding Discovery Requests or Other Discovery Requests:** Defendant has agreed to provide the 25% sample above in lieu of answering voluminous pre-certification document discovery requests. And Defendant contends this will provide sufficient information at this stage of the litigation. During the meet-and-confer process, Defendant agreed it will still serve objections/responses to Plaintiff's pending discovery requests. In addition, Defendant will serve discovery requests on Shayna Hill regarding her claims. And the parties will meet-and-confer regarding relevant depositions.

(f) **Timing:** At this time, the Parties agree that production of the documents pursuant to subparagraph (d) of this Report, and service of Defendant's responses to the Outstanding Discovery Requests, shall occur within 42 days following the resolution of any outstanding disputes regarding the scope of production, including as stated in subparagraph (b). Should Defendant need additional time to produce the records or respond to the Outstanding Discovery Requests, the Parties will meet and confer without the need to seek Court approval or modification of this Report.

(g) **Post-Certification:** Within 42 days of any order certifying a class or subclass, Defendant will supplement its production of the records in subparagraph (d) with full and complete productions, including 100% of responsive records and data for all certified class members, without sampling. Should Defendant need additional time to produce these records, the Parties will meet and confer without the need to seek Court approval or modification of this Report. Defendant will likewise serve discovery on the class members regarding their claims.

Respectfully submitted,

Dated: October 16, 2026

***Ferraro Vega Employment Lawyers, Inc.***

/s/ Andrew T. Katseanes
Rick A. Waltman
Andrew T. Katseanes
Nicholas J. Ferraro
*Attorneys for Plaintiff Shayna Hill*

Dated: October 16, 2026

***Carrington, Coleman, Sloman & Blumenthal, L.L.P.***

/s/ Jordan Brownlow Perry
Jordan Brownlow Perry
Parker L. Graham / Tayler Gray
A. Semerdjian
*Attorneys for Defendant Martin Marietta Materials, Inc.*

**ATTESTATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Andrew T. Katseanes
Andrew T. Katseanes