Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
rick@ferrarovega.com / andrew@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

Dick A. Semerdjian (State Bar No. 123630)
Schwartz Semerdjian Cauley Schena & Bush LLP
101 West Broadway, Suite 810
San Diego, California 92101
(619) 236-8821 main / (619) 236-8827 fax
das@sscelaw.com

[Additional counsel listed on next page]

*Attorneys for Defendant Martin Marietta Materials, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN MARIETTA MATERIALS, INC., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**JOINT STIPULATION TO HOLD MOTION TO CONSOLIDATE IN ABEYANCE PENDING RULING ON MOTION TO REMAND**<br><br>Judge: Hon. Linda Lopez<br>Motion: ECF No. 13<br>Opposition Due: October 29, 2026<br>Action Removed: August 7, 2026 |

CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.
Parker Graham (Texas Bar No. 24087612)
(*Admitted Pro Hac Vice*)
pgraham@ccsb.com
Jordan Perry (Texas Bar No. 24120729)
(*Pro Hac Vice to be filed*)
jperry@ccsb.com
2200 Ross Ave, Suite 1800
Dallas, Texas 75201
Telephone: 214-855-3000
Facsimile: 214-580-2641

*Attorneys for Defendant Martin Marietta Materials, Inc.*

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiff Shayna Hill ("Plaintiff") and Defendant Martin Marietta Materials, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby jointly move pursuant to Civil Local Rule 7.2 for an order vacating the briefing schedule on Defendant's Motion to Consolidate (ECF No. 13) (the "Motion to Consolidate") and holding that motion in abeyance until the Court rules on Plaintiff's forthcoming motion to remand in the related action *Hill v. Martin Marietta Materials, Inc.*, Case No. 3:26-cv-05633-DMS-DEB (the "PAGA Action"). Plaintiff submits this Joint Motion in lieu of an opposition to the Motion to Consolidate. In support of this Joint Motion, the Parties stipulate as follows:

WHEREAS, on June 29, 2026, Plaintiff filed this putative class action in the Superior Court of California, County of San Diego, Case No. 26CU035198C (ECF No. 1-3, Ex. A);

WHEREAS, on August 7, 2026, Defendant removed this action to this Court (ECF No. 1);

WHEREAS, on August 27, 2026, Plaintiff filed a separate representative action under the Private Attorneys General Act of 2004, California Labor Code section 2698 *et seq.* ("PAGA"), in the Superior Court of California, County of San Diego, Case No. 26CU045923C;

WHEREAS, on October 1, 2026, Defendant removed that action to this District, where it is pending before the Honorable Dana M. Sabraw as the PAGA Action;

WHEREAS, on October 8, 2026, Defendant filed the Motion to Consolidate, requesting that the Court consolidate this action with the PAGA Action pursuant to Federal Rule of Civil Procedure 42(a) and reassign the PAGA Action to this Court (ECF No. 13);

WHEREAS, the Court set a deadline of October 29, 2026 for Plaintiff's opposition to the Motion to Consolidate and a deadline of November 5, 2026 for Defendant's reply, after which the motion will be taken under submission without oral

argument (ECF No. 14);

WHEREAS, Plaintiff intends to file a motion to remand the PAGA Action to the Superior Court of California, County of San Diego (the "Motion to Remand") on or before November 2, 2026, on the grounds that, among other things, Defendant cannot establish federal-question jurisdiction under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185;

WHEREAS, Defendant disputes Plaintiff's contentions and intends to oppose the Motion to Remand;

WHEREAS, Rule 42(a) authorizes consolidation only of actions that are before the Court, such that whether the PAGA Action remains in federal court is a threshold question that bears directly on whether consolidation is available, and an order remanding the PAGA Action would render the Motion to Consolidate moot;

WHEREAS, the Parties agree that resolving the Motion to Remand before the Motion to Consolidate will conserve the resources of the Court and the Parties by avoiding briefing and adjudication of a motion that may be mooted, and by ensuring that the question of subject-matter jurisdiction over the PAGA Action is decided before that action is consolidated with this one;

WHEREAS, the Parties have further agreed that if the Motion to Remand is denied and the PAGA Action remains in federal court, Plaintiff will agree to consolidation;

WHEREAS, counsel for the Parties met and conferred regarding the matters addressed in this Joint Motion by email between October 8 and October 23, 2026;

WHEREAS, this is the Parties' first request to modify the briefing schedule on the Motion to Consolidate, and this request is made in good faith and not for purposes of delay;

NOW, THEREFORE, the Parties, by and through their respective counsel of record, hereby STIPULATE AND JOINTLY REQUEST that the Court order as follows:

That the briefing schedule on the Motion to Consolidate set by the Court's order (ECF No. 14), including the October 29, 2026 opposition deadline and the November 5, 2026 reply deadline, be vacated, and that the Motion to Consolidate be held in abeyance pending a ruling on the Motion to Remand in the PAGA Action;

That Plaintiff file the Motion to Remand in the PAGA Action on or before November 2, 2026;

That the Parties file a joint status report in this action within seven (7) days after the ruling on the Motion to Remand, advising the Court of that ruling;

That if the Motion to Remand is denied, Plaintiff will agree to consolidation, and will, along with the aforementioned joint report, file an an agreed motion to consolidation;

That if the Motion to Remand is granted, the Motion to Consolidate shall be deemed withdrawn as moot;

That if the Court declines to hold the Motion to Consolidate in abeyance, Plaintiff's opposition shall be due fourteen (14) days after the Court's order on this Joint Motion, and Defendant's reply shall be due seven (7) days thereafter; and

///

///

///

///

///

///

///

///

///

///

///

///

That nothing in this stipulation shall be construed as a waiver of any Party's claims, defenses, rights, or arguments, including with respect to the Motion to Remand, and that Plaintiff's agreement to the consolidation of the PAGA Action if it remains in federal court shall not be construed as consent to, or a concession of, federal subject-matter jurisdiction over the PAGA Action.

IT IS SO STIPULATED.

Dated: October 29, 2026

***Ferraro Vega Employment Lawyers***

*/s/ Andrew T. Katseanes*
Andrew T. Katseanes
Rick A. Waltman
*Attorneys for Plaintiff Shayna Hill*

Dated: October 29, 2026

***Carrington, Coleman, Sloman & Blumenthal LLP***

*/s/ Parker Graham*
Parker Graham
*Attorneys for Defendant Martin Marietta Materials, Inc.*

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual of the United States District Court for the Southern District of California, I hereby certify that the content of this document is acceptable to Dick A. Semerdjian, counsel for Defendant, and that I have obtained his authorization to affix his electronic signature to this document.

Dated: October 29, 2026

*/s/ Andrew T. Katseanes*
Andrew T. Katseanes