Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PAID SICK LEAVE DATA FOR THE PERIOD BEFORE SEPTEMBER 26, 2025**<br><br>Magistrate Judge: Hon. Valerie E. Torres<br>Submitted on the papers (ECF No. 16)<br><br>*[Filed concurrently with Declaration of Andrew T. Katseanes and Request for Judicial Notice]* |

## I. INTRODUCTION

Pursuant to the Court's October 20, 2026 Minute Order (ECF No. 16), Plaintiff Shayna Hill moves to compel class-level data from before September 26, 2025, limited to one claim: that Defendant paid sick leave at employees' base hourly rate, excluding non-discretionary pay such as safety awards and "award spots," in violation of Labor

Code section 246(l). Defendant contends the class release in *Shwiyhat v. Martin Marietta Materials, Inc.*, No. STK-CV-UOE-2025-0010132 (San Joaquin Super. Ct.), bars this discovery. It does not. Release is Defendant's affirmative defense, not a basis to withhold evidence. The release reaches only claims based on facts stated in the *Shwiyhat* complaint, which says nothing about sick leave. And regardless, the data is needed to test post-settlement sick pay.

## II. BACKGROUND

### A. The *Shwiyhat* Settlement

The *Shwiyhat* operative complaint alleged off-the-clock, overtime, meal and rest period, expense reimbursement, and derivative claims. (RJN Ex. 1 ¶¶ 15–27.) It contains no sick leave allegation its lone regular-rate allegation concerns prorating non-discretionary pay "into the regular rate of pay for overtime." (*Id.* ¶ 37.) Class counsel's sworn description of the claims omitted sick leave, and his valuation assigned nothing to any regular-rate theory. (RJN Ex. 2 ("Emma Decl.") ¶¶ 4, 24(a).) Participating class members released claims "alleged, or reasonably could have been alleged, based on the Class Period facts stated in the Operative Complaint." (RJN Ex. 3 ("Settlement") ¶ 5.1.) The parties filed that complaint to "alleg[e] all claims . . . to be released" (*id.* ¶ 2.1), and the class notice described the release as reaching wage claims "as alleged in the Action" (*id.* Ex. B § J). Defendant extended the Class Period to the September 25, 2025 preliminary approval date. (*Id.* ¶¶ 1.11, 8.2; RJN Ex. 5 ("Bridley Decl.") ¶¶ 2, 4.) Judgment was entered February 26, 2026. (RJN Ex. 4.)

### B. This Action and the Discovery at Issue

Plaintiff, a non-exempt Safety Lead from 2001 to 2026, alleges Defendant excluded safety awards and "award spots" when paying sick leave. (*ECF No. 1, Ex. 3* ¶¶ 4, 34, 63, 67, 107, 111.)

Plaintiff's sick leave requests reach back to June 29, 2022: Request Nos. 47 (sick pay calculation), 48 (sick pay), and 50 (§ 247.5 records). (Decl. of Andrew T. Katseanes

(“Katseanes Decl.”) Ex. A.) Her time, payroll, and remuneration requests reach back to April 1, 2025: Request Nos. 16, 19, 20, and 46, and Special Interrogatory Nos. 12 and 13. (*Id.* Exs. A, B.) Plaintiff seeks responses for the period before September 26, 2025, with Request No. 50 limited to sick leave used and paid; she does not move on Request Nos. 49 or 51. The parties met and conferred. (*Id.* ¶¶ 6–8), the Court ordered production of post-settlement data and set this briefing schedule. (ECF No. 16.).)

## III. LEGAL STANDARD

Parties may obtain discovery of any nonprivileged matter relevant to any party’s claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Once relevance is shown, the resisting party bears the burden of showing why discovery should not be allowed. *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 560 (S.D. Cal. 2019).

## IV. ARGUMENT

### A. Release Is Defendant’s Defense and Cannot Justify Withholding the Evidence

Release is an affirmative defense on which Defendant bears the burden. Fed. R. Civ. P. 8(c)(1). Rule 26(b)(1) reaches matter relevant to “any party’s . . . defense.” Courts resolve such release defenses on a developed record. *See Hesse v. Sprint Corp.*, 598 F.3d 581, 586–87 (9th Cir. 2010); *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 574–75 (2010). Whether Defendant calculated sick pay the same way as overtime, the premise of its release argument, is a factual question the data will answer.

### B. The *Shwiyhat* Release Does Not Reach the Sick Pay Claim

A state-court judgment has the preclusive effect state law gives it. 28 U.S.C. § 1738; *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373 (1996). California law confines a class release to claims tied to the pleaded facts. *Amaro v. Anaheim Arena Mgmt., LLC*, 69 Cal. App. 5th 521 (2021). A class settlement releases an unpleaded claim only if it is “based on the identical factual predicate as that underlying the claims

in the settled class action." *Hesse*, 598 F.3d at 590 (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)). In *Hesse*, two challenges to Sprint's billing of government charges shared only a "superficial similarity" because they involved "different surcharges, imposed to recoup different costs." *Id.* at 591. So too here. *Shwiyhat* challenged overtime premiums for hours worked; Plaintiff challenges wages for days of sick leave, under a different statute and formula. An employee who took sick leave but never worked overtime has Plaintiff's claim and no *Shwiyhat* claim at all.

The release's text confirms this. It covers claims "based on the Class Period facts stated in the Operative Complaint" (Settlement ¶ 5.1), which stated no sick leave facts. Its reference to "calculation of wages and overtime" illustrates claims based on those facts; it does not enlarge them. Defendant's paraphrase ("all their wage and hour claims," ECF No. 15 at 2) omits this limit. *Villacres* is not to the contrary. That release covered "all other claims of any kind for wages, penalties," a standard general release. 189 Cal. App. 4th at 587. The court expressly declined to decide whether all wage claims form one primary right, *id.* at 581, and barred a suit for more penalties on overtime violations already settled, *id.* at 584–85. Finally, class counsel never valued a sick pay claim (Emma Decl. ¶¶ 4, 24), and the *Shwiyhat* court made no adequacy finding as to one, raising the due process concerns *Hesse* identified. 598 F.3d at 588–89.

**C. At a Minimum, Unreleased Post-Settlement Claims Require the Requested Data**

Even if the release reached the sick pay claim, the pre-September 26, 2025, data would still be needed for claims no one contends were released. Section 246(l)(2) permits an employer to calculate sick pay by "dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days." Sick leave taken from September 26 through roughly late December 2025 is therefore priced using wages and hours earned before September 26. Without that data (Request Nos. 16, 19, 20, and 46), no one can determine whether the

post-settlement sick pay the Court has already ordered produced was correct. The settlement release expressly excludes "claims occurring outside the Class Period." (Settlement Ex. B § J.)

**D. The Request Is Proportional**

The parties agreed that before certification Defendant will produce a random 25% sample "in lieu of answering voluminous pre-certification document discovery requests," which Defendant contends "will provide sufficient information at this stage of the litigation," and after certification "100% of responsive records and data for all certified class members." (ECF No. 15 at 4–5.) Only the date range is disputed. (*Id.* at 2.) Plaintiff asks that the sample reach the pre-settlement period for employees paid both sick leave and award pay.

## V. CONCLUSION

Plaintiff requests an order that Defendant, within 30 days, (1) produce documents and data responsive to Request Nos. 47, 48, and 50 (as narrowed) for June 29, 2022 through September 25, 2025; and (2) produce documents and data responsive to Request Nos. 16, 19, 20, and 46, and answer Special Interrogatory Nos. 12 and 13, for April 1 through September 25, 2025. Alternatively, Plaintiff requests production of (1) all such data for June 28 through September 25, 2025, the 90-day period needed to calculate post-settlement sick pay; and (2) the responses and production for the remaining requests for the post-September 25, 2025, period.

Dated: November 4, 2026

***Ferraro Vega Employment Lawyers, Inc.***

*<u>/s/ Andrew T. Katseanes</u>*
Rick A. Waltman
Andrew T. Katseanes
*Attorneys for Plaintiff Shayna Hill*