Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**DECLARATION OF ANDREW T. KATSEANES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF PAID SICK LEAVE DATA FOR THE PERIOD BEFORE SEPTEMBER 26, 2025**<br><br>Magistrate Judge: Hon. Valerie E. Torres<br>Submitted on the papers (ECF No. 16) |

I, Andrew T. Katseanes, declare as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am an attorney with Ferraro Vega Employment Lawyers, Inc., counsel of record for Plaintiff Shayna Hill. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. On October 6, 2026, Plaintiff served her Requests for Production (Set One) on Defendant Martin Marietta Materials, Inc. ("Defendant"). A true and correct copy is attached as Exhibit A. Request Nos. 16, 19, 20, 46, 47, 48, and 50 are at issue in this motion.

4. On October 6, 2026, Plaintiff served her Special Interrogatories (Set One) on Defendant. A true and correct copy is attached as Exhibit B. Special Interrogatory Nos. 12 and 13 are at issue in this motion.

6. Counsel for the parties met and conferred regarding the scope of discovery in light of the class settlement in *Shwiyhat v. Martin Marietta Materials, Inc.*, No. STK-CV-UOE-2025-0010132 (San Joaquin Super. Ct.) ("*Shwiyhat*"). On September 23, 2026, Counsel conferred via telephone regarding the time period of production and responses relating to Plaintiff's sick leave claims. On October 8, 2026, counsel for Defendant followed up with an email correspondence stating their position on the production timeframe.

7. During those discussions, Defendant's counsel took the position that the *Shwiyhat* release bars discovery of class-level data for the period before September 26, 2025. Our office explained that Plaintiff's paid sick leave claim falls outside the *Shwiyhat* release. The parties were unable to resolve the dispute.

8. On October 20, 2026, the parties attended a status conference before the Court regarding the parties' sampling protocol, at which they presented this dispute. The Court ordered the parties to proceed with production of class-level data for the period commencing September 26, 2025, and set the briefing schedule for this motion. (ECF No. 16.)

9. To narrow the dispute, Plaintiff does not move on Request Nos. 49 or 51 and limits Request No. 50 to records of sick leave used and paid. Plaintiff is also willing to accept production of data for the period before September 26, 2025, under the sampling protocol the parties are developing.

10. Exhibits 1 through 5 to Plaintiff's concurrently filed Request for Judicial Notice are true and correct copies of documents filed in *Shwiyhat*, which I obtained from the San Joaquin County Superior Court's online case records.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 4, 2026, at San Diego, California.

*/s/ Andrew T. Katseanes*
Andrew T. Katseanes

# Exhibit A

Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SHAYNA HILL, on behalf of others similarly situated,

Plaintiff,

vs.

MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:26-cv-04529-LL-VET

**Plaintiff's Requests for Production (Set One) to Martin Marietta Materials, Inc.**

**PROPOUNDING PARTY:** **SHAYNA HILL**

**RESPONDING PARTY:** **MARTIN MARIETTA MATERIALS, INC.**

**SET NUMBER:** **ONE**

Pursuant to California Code of Civil Procedure § 2031.010 et seq., Plaintiff SHAYNA HILL ("Plaintiff") hereby requests that Defendant MARTIN MARIETTA MATERIALS, INC. ("Defendant") respond to these Requests for Production, under oath and in writing, no later than thirty (30) days from the date of service hereof by serving its responses on FERRARO VEGA EMPLOYMENT LAWYERS, INC. at 3333 Camino del Rio South, Suite 300, San Diego, California 92108 (rick@ferrarovega.com; andrew@ferrarovega.com).

## INSTRUCTIONS

1. Responses. In responding to these requests, Defendant must state verbatim, immediately before each answer, the Request for Production being answered.

2. Format of Production. The documents shall be produced as they are kept in the usual course of business and shall be organized, labeled, and produced electronically to correspond to the paragraph of the document demand to which they are responsive.

3. Scope of Search. Defendant's responses to these requests require Defendant to identify and produce all responsive documents which are in Defendant's actual or constructive possession, custody, or control, including without limitation, documents which may be in the physical possession of third parties.

4. Narrow and Specific Objections. If Defendant objects to any portion of the following requests, then Defendant shall state the reasons for the objection and answer and produce documents to the extent the request is not objectionable. All grounds for an objection to a request shall be stated with specificity. Any grounds not stated in a timely objection are waived.

5. Good Faith Responses. If any request is defined using a term of art or other term that Defendant believes to be incorrect, but Defendant understands the nature of

the information requested, then Defendant shall respond to the request notwithstanding the semantic or definitional error.

6. Privilege Log. If Defendant objects to the production of any document based on the attorney-client privilege, work product doctrine or any other privilege or doctrine, Defendant is required, pursuant to Code of Civil Procedure section 2031.240, to prepare and provide a privilege log that identifies each document for which the privilege or doctrine is claimed and which gives the following information:

a. The names of the author, sender, preparer, or initiator of each copy of the document;

b. The names of all known recipients, addressees, or parties to whom any copy of the document was sent;

c. The date of each copy of the document, if any, or an estimate of its date,

d. A non-privileged description of the contents of the document;

e. A statement of the basis of the claim of privilege.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS identified in DEFENDANT'S responses to Plaintiff's Special Interrogatories (Set One), Requests for Admission, and Form Interrogatories, if any.

(As used herein, DOCUMENTS shall mean and refer to any kind of written, typewritten, printed, or recorded, magnetic, punched, copied, graphic or other tangible thing in, upon, or from which information may be embodied, translated, conveyed, or stored as defined in California Evidence Code § 250, including but not limited to, any email, notes, letters, policies, handbooks, memoranda, charges, complaints, affidavits, papers, files, data, tapes, cassettes, discs, letters, reports, summaries, compilations, minutes, agenda, communications, agreements, diaries, calendars, audio and/or video recordings and transcriptions of recordings, electronic records or representations of any

kind, information stored on computer (including but not limited to electronic mail) or on any type of computer readable storage media, within the possession, custody, and/or control of DEFENDANT, or its agents, attorneys, and/or any other persons who may act on DEFENDANT's behalf, excepting only those documents which are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to the named plaintiff in this action. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term; the terms "DOCUMENTS" also includes copies containing any information in addition to or in any way different from that contained in or on the original and all attachments, enclosures, or DOCUMENTS affixed or referred to in any DOCUMENT(S) identified in response to any of the following requests for production.).

(As used herein, <u>DEFENDANT</u> refers to MARTIN MARIETTA MATERIALS, INC. and its officers, directors, agents, and anyone acting on its behalf, along with any joint employer, parent, affiliate, or subsidiary entity or entities and their respective directors and agents, including the entities named in the operative complaint.)

**<u>Plaintiff's Records</u>**

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**

All DOCUMENTS that DEFENDANT provided to Plaintiff during Plaintiff's employment.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**

All DOCUMENTS that Plaintiff signed in person or electronically before, during, or after employment.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**

Plaintiff's personnel file.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**

Plaintiff's time records.

**<u>REQUEST FOR PRODUCTION NO. 6:</u>**

Plaintiff's wage statements.

**REQUEST FOR PRODUCTION NO. 7:**

All time records showing the times that were originally reported or entered by Plaintiff during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 8:**

All records of adjustments, edits, rounding, or modifications to time records for Plaintiff.

**REQUEST FOR PRODUCTION NO. 9:**

All final time records for Plaintiff as they existed after any edits or adjustments.

**REQUEST FOR PRODUCTION NO. 10:**

All FLIGHT RECORDS stored on, generated by, or migrated to the Propeller Aero Platform associated with Plaintiff's operator profile and email address during her employment with Defendant.

(As used herein, FLIGHT RECORDS means all operator-linked upload logs, mission histories, flight-hour telemetry, mission timestamps, and operator flight histories generated by or associated with Plaintiff.)

**REQUEST FOR PRODUCTION NO. 11:**

All FLIGHT RECORDS stored on, generated by, or migrated to the Kespry or Firmatek platforms associated with Plaintiff's operator profile and email address.

**REQUEST FOR PRODUCTION NO. 12:**

All system metadata, audit trails, and session logs establishing the exact dates, timestamps, and durations of PLAINTIFF's account access, data uploads, and mission processing activities.

**Time Records**

**REQUEST FOR PRODUCTION NO. 13:**

All time records for COVERED EMPLOYEES during the STATUTORY PERIOD.

(As used herein, COVERED EMPLOYEE(S) means and includes all current and former non-exempt employees who worked for DEFENDANT within the State of

California during the STATUTORY PERIOD).

(As used herein, the STATUTORY PERIOD means: (1) for requests referring or relating to sick leave, the period of four years immediately preceding the filing of this action through the date of trial; and (2) for all other requests, the period from April 1, 2025, through the date of trial.)

**REQUEST FOR PRODUCTION NO. 14:**

All time records showing the times that were originally reported by the COVERED EMPLOYEES during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 15:**

All records of adjustments, edits, rounding, or modifications to time records for all COVERED EMPLOYEES during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 16:**

Each COVERED EMPLOYEE'S respective electronic time entry data for each pay period worked during the STATUTORY PERIOD in Excel or similar readable spreadsheet format.

**REQUEST FOR PRODUCTION NO. 17:**

All policies, notices, emails, memos, reports, communications, and other DOCUMENTS RELATED to DEFENDANT'S practices on timekeeping and time records for COVERED EMPLOYEES.

(As used herein, RELATED to or any derivative thereof shall mean constitute, evidence, contain, embody, reflect, reference, explain, memorialize, repeat, incorporate, confirm, discuss, list, summarize, identify, state, deal with, comment on, respond to, describe, show, mention, analyze, support or be in any way pertinent to).

## Wage Statements

**REQUEST FOR PRODUCTION NO. 18:**

Copies of all wage statements issued to COVERED EMPLOYEES during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 19:**

Each COVERED EMPLOYEE'S respective electronic payroll data for each pay period worked during the STATUTORY PERIOD in Excel or similar readable spreadsheet format containing the information set forth on the wage statements for the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce a legend, description, summary or similar document or documents relating to or reflecting all pay codes listed on employee wage statements for COVERED EMPLOYEES during the STATUTORY PERIOD.

**Employee Handbooks and Policies**

**REQUEST FOR PRODUCTION NO. 21:**

All versions of any arbitration agreement in effect for COVERED EMPLOYEES at any time during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 22:**

All versions of DEFENDANT'S employee handbook(s) relating or referring to the employment terms and conditions of any COVERED EMPLOYEE in effect at any time during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS provided by DEFENDANT to newly hired COVERED EMPLOYEES during the STATUTORY PERIOD (*e.g.*, a new hire packet, stand-alone employment policies, etc.).

**REQUEST FOR PRODUCTION NO. 24:**

An exemplar set of all versions of new hire packets used for COVERED EMPLOYEES during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 25:**

All written policies that governed the terms of employment for COVERED EMPLOYEES during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 26:**

If an insurance policy covers any of DEFENDANT'S expenses, damages or legal fees related to the claims in the operative complaint, please produce copies of all such insurance policies in effect during the STATUTORY PERIOD.

**Covered Employee Information**

**REQUEST FOR PRODUCTION NO. 27:**

Please produce computer-readable electronic data showing, for all COVERED EMPLOYEES, the following information applicable at all times during the STATUTORY PERIOD:

- Full name, job title, salary or hourly rate, employee identification number, dates of employment, and dates of all changes to any of these variables;
- All last known contact information, including each individual's full name, email address(es), telephone number(s), home address, and mailing address; and
- All physical location addresses and site names where each individual worked.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce an exemplar set of all job descriptions in effect during the STATUTORY PERIOD for all positions held by COVERED EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 29:**

All statements or declarations obtained by DEFENDANT from any COVERED EMPLOYEE during the STATUTORY PERIOD that RELATE to the allegations in the operative complaint.

**REQUEST FOR PRODUCTION NO. 30:**

All statements or declarations obtained by DEFENDANT from any individual during the STATUTORY PERIOD that RELATE to the allegations in the operative complaint.

**Statutory Recordkeeping**

**REQUEST FOR PRODUCTION NO. 31:**

All records that DEFENDANT is required to maintain under California Labor Code section 1174(d) for the COVERED EMPLOYEES during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 32:**

All records that DEFENDANT is required to maintain under the "Records" section, Section 7, of the California IWC Wage Orders in computer-readable electronic format for the COVERED EMPLOYEES during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 33:**

All Labor Code section 2810.5 Notice to Employee forms issued to COVERED EMPLOYEES during the STATUTORY PERIOD.

**Organizational Information**

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS showing, describing, explaining, or RELATING to the organizational structure of DEFENDANT'S operations over the last five (5) years, including, but not limited to, the organizational structure of its all parent and sister corporations and departments for human resources, payroll, operations, etc.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce the job descriptions and resumes for all individuals who worked or work in DEFENDANT'S human resources or payroll department at any time during the STATUTORY PERIOD.

**Adequacy of Representative**

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that reflect any purported claim that Plaintiff will not fairly and adequately protect the interests of the COVERED EMPLOYEES or is otherwise an inadequate representative of the COVERED EMPLOYEES.

## Complaints

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that refer to any audits, investigations, or inquiries by DEFENDANT or any third party acting independently or on behalf of DEFENDANT (including any government agency, consultant, business partner, auditor, law firm, union, or other entity) during the STATUTORY PERIOD regarding DEFENDANT'S compliance and/or non-compliance with any state or federal wage and hour laws.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS, claims, complaints, grievances, or expressions of concern, whether formal or informal, submitted by any of DEFENDANT'S employees, unions, or other third parties during the STATUTORY PERIOD that RELATE to any of the claims that are the subject of the operative complaint.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS showing any federal or state lawsuits, charges, claims, tribunals, or complaints with any arbitration company or state, administrative, or judicial agency or court filed by any COVERED EMPLOYEE against DEFENDANT during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 40:**

All discovery produced by DEFENDANT in any litigation in the past 5 years involving any claims that are the subject of the operative complaint.

**REQUEST FOR PRODUCTION NO. 41:**

All emails sent or received by DEFENDANT'S human resources employees or affiliates during the STATUTORY PERIOD that are in any way related to the allegations in the operative complaint.

**REQUEST FOR PRODUCTION NO. 42:**

All emails sent or received by DEFENDANT'S payroll employees or affiliates during the STATUTORY PERIOD that are in any way related to the allegations in the operative complaint.

## Remuneration and Overtime Pay

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that RELATE to the amount of compensation for which Plaintiff was eligible at any time during employment with DEFENDANT, including but not limited to descriptions of incentives, bonuses, commissions, shift differentials, piece rates, and different rates of hourly pay.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that RELATE to the amount of compensation for which COVERED EMPLOYEES were eligible at any time during the STATUTORY PERIOD, including but not limited to descriptions of incentives, bonuses, commissions, shift differentials, piece rates, and different rates of hourly pay.

**REQUEST FOR PRODUCTION NO. 45:**

All written policies, emails, and other DOCUMENTS that describe how DEFENDANT calculates and pays all amounts of compensation for which COVERED EMPLOYEES were eligible at any time during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS RELATED to the safety awards, "award spots," bonuses, incentives, and other forms of non-discretionary remuneration paid to COVERED EMPLOYEES during the STATUTORY PERIOD, including all plans, policies, and criteria governing eligibility for and payment of such remuneration.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that describe or reflect how DEFENDANT calculated the regular rate of pay used to compute overtime wages, double-time wages, meal and rest period premiums, and paid sick leave for COVERED EMPLOYEES during the STATUTORY PERIOD.

## Sick Leave

**REQUEST FOR PRODUCTION NO. 48:**

All documents showing the payment of paid sick leave taken by any COVERED

EMPLOYEE during the STATUTORY PERIOD, including Covid-19 supplemental sick leave.

**<u>REQUEST FOR PRODUCTION NO. 49:</u>**

All documents showing the amount of sick leave provided and/or accrued by each COVERED EMPLOYEE during the STATUTORY PERIOD, including Covid-19 supplemental sick leave.

**<u>REQUEST FOR PRODUCTION NO. 50:</u>**

All documents required to be maintained under Labor Code section 247.5 with respect to COVERED EMPLOYEES' paid sick leave during the STATUTORY PERIOD.

**<u>REQUEST FOR PRODUCTION NO. 51:</u>**

All DOCUMENTS reflecting the written notice of available paid sick leave that DEFENDANT provided to COVERED EMPLOYEES pursuant to Labor Code section 246(i) during the STATUTORY PERIOD, whether on itemized wage statements or in a separate writing.

## <u>Meal Periods</u>

**<u>REQUEST FOR PRODUCTION NO. 52:</u>**

All policies, notices, emails, memos, reports, communications, and other DOCUMENTS RELATED to DEFENDANT'S policies and practices regarding meal periods for COVERED EMPLOYEES.

**<u>REQUEST FOR PRODUCTION NO. 53:</u>**

All meal period waiver forms used for COVERED EMPLOYEES during the STATUTORY PERIOD.

**<u>REQUEST FOR PRODUCTION NO. 54:</u>**

All on duty meal period agreements or policies used for COVERED EMPLOYEES during the STATUTORY PERIOD.

**<u>REQUEST FOR PRODUCTION NO. 55:</u>**

All DOCUMENTS that DEFENDANT contends reflects that Plaintiff

voluntarily waived or worked through any meal periods during the STATUTORY PERIOD, including emails and other communications.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS that DEFENDANT contends reflects that COVERED EMPLOYEES voluntarily waived or worked through any meal periods during the STATUTORY PERIOD, including emails and other communications.

**REQUEST FOR PRODUCTION NO. 57:**

All versions of any on-duty meal period agreement in effect for COVERED EMPLOYEES during the STATUTORY PERIOD.

**Rest Periods**

**REQUEST FOR PRODUCTION NO. 58:**

All policies, notices, emails, memos, reports, communications, and other DOCUMENTS RELATED to DEFENDANT'S policies and practices regarding rest periods for COVERED EMPLOYEES.

**REQUEST FOR PRODUCTION NO. 59:**

All DOCUMENTS that DEFENDANT contends reflects that Plaintiff voluntarily waived or worked through any rest periods during the STATUTORY PERIOD, including emails and other communications.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS that DEFENDANT contends reflects that COVERED EMPLOYEES voluntarily waived or worked through any rest periods during the STATUTORY PERIOD, including emails and other communications.

**Reimbursement of Work Expenses**

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS RELATED to DEFENDANT'S policies and practices on the reimbursement of COVERED EMPLOYEES' work-related expenses during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS showing the total amounts reimbursed each pay period to each COVERED EMPLOYEE during the STATUTORY PERIOD.

## Mandatory Trainings

**REQUEST FOR PRODUCTION NO. 63:**

All policies, notices, emails, memos, reports, communications, and other DOCUMENTS RELATED to mandatory trainings, safety trainings, and meetings that COVERED EMPLOYEES were required to attend during the STATUTORY PERIOD, including how time spent attending such trainings was recorded and compensated.

**REQUEST FOR PRODUCTION NO. 64:**

All attendance records, sign-in sheets, rosters, schedules, and completion records for any safety training or other mandatory training attended by Plaintiff during her employment.

**REQUEST FOR PRODUCTION NO. 65:**

All attendance records, sign-in sheets, rosters, schedules, and completion records for any safety training or other mandatory training attended by COVERED EMPLOYEES during the STATUTORY PERIOD, in Excel or similar readable spreadsheet format where available.

## Wage Deductions

**REQUEST FOR PRODUCTION NO. 66:**

All policies, notices, emails, memos, reports, communications, and other DOCUMENTS RELATED to DEFENDANT'S policies and practices regarding deductions from the wages of COVERED EMPLOYEES during the STATUTORY PERIOD, including any deduction, withholding, or imputed income relating to commuter designations, the commuter or personal use of company vehicles, or any "commuter charge tax."

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS RELATED to Plaintiff's commuter designation and

assignment of a company vehicle, including the revocation of that designation or vehicle and all deductions or imputed income reflected on Plaintiff's wage statements as a result.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS showing, for each COVERED EMPLOYEE, the dates any commuter designation or company vehicle assignment began and ended during the STATUTORY PERIOD, and all related deductions or imputed income amounts by pay period.

**REQUEST FOR PRODUCTION NO. 69:**

All written authorizations signed by COVERED EMPLOYEES for any deductions from their wages during the STATUTORY PERIOD.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS RELATED to any complaint, inquiry, or communication by Plaintiff concerning deductions from her wages, including DEFENDANT'S response(s) thereto.

Dated: October 6, 2026

***Ferraro Vega Employment Lawyers, Inc.***

/s/ Andrew T. Katseanes
Rick A. Waltman
Andrew T. Katseanes
*Attorneys for Plaintiff Shayna Hill*

Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiffs,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**Proof of Service** |

# PROOF OF SERVICE

1. At the time of service, I was over 18 years of age and not a party to this action. I am employed in San Diego County; my business address is Ferraro Vega Employment Lawyers, 3333 Camino del Rio South, Suite 300, San Diego, California 92108.

My email address is: edith@ferrarovega.com

2. On October 6, 2026, I served the following documents:

**1. Plaintiff's Special Interrogatories to Martin Marietta Materials, Inc. (Set One)**
**2. Plaintiff's Requests for Production (Set One) to Martin Marietta Materials, Inc.**

3. I served the abovementioned document(s) on the following person(s):

Jovana Martin - Jmartin@sscelaw.com
Dick Semerdjian - das@sscelaw.com

Schwartz Semerdjian Cauley Schena & Bush LLP
101 West Broadway, Suite 810
San Diego, CA 9210

*Attorneys for Defendant Martin Marietta Materials, Inc.*

4. The documents were served through the following means:

☒ ***By Email or Electronic Transmission.*** Based on a court order or agreement of the parties to accept service by email or electronic transmission under CRC 2.251, I electronically served the documents via email transmission to the individuals identified above.

5. I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

///
///
///
///
///

6. This proof of service was executed in San Diego, California on October 6, 2026.

***Ferraro Vega Employment Lawyers, Inc.***

*/s/ Edith Byron*
Edith Byron

# Exhibit B

Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**Plaintiff's Special Interrogatories to Martin Marietta Materials, Inc. (Set One)** |

**PROPOUNDING PARTY: SHAYNA HILL**
**RESPONDING PARTY: MARTIN MARIETTA MATERIALS, INC.**
**SET NUMBER: ONE**

Pursuant to California Code of Civil Procedure § 2030.010 *et seq*., Plaintiff SHAYNA HILL ("Plaintiff") hereby requests that Defendant MARTIN MARIETTA MATERIALS, INC. ("Defendant") respond to these Special Interrogatories, under oath and in writing, no later than thirty (30) days from the date of service hereof by serving its responses on FERRARO VEGA EMPLOYMENT LAWYERS, INC. at 3333 Camino del Rio South, Suite 300, San Diego, California 92108 (rick@ferrarovega.com; andrew@ferrarovega.com).

## SPECIAL INTERROGATORIES

**SPECIAL INTERROGATORY NO. 1:**

State the total number of COVERED EMPLOYEES who worked for DEFENDANT at any point during the STATUTORY PERIOD.

(As used herein, COVERED EMPLOYEE(S) means and includes all current and former non-exempt employees who worked for DEFENDANT within the State of California during the STATUTORY PERIOD).

(As used herein, the STATUTORY PERIOD means: (1) for requests referring or relating to sick leave, the period of four years immediately preceding the filing of this action through the date of trial; and (2) for all other requests, the period from April 1, 2025, through the date of trial.)

(As used herein, DEFENDANT refers to MARTIN MARIETTA MATERIALS, INC. along with any joint employer, parent, affiliate, or subsidiary entity or entities, including the entities named in the operative complaint.)

**SPECIAL INTERROGATORY NO. 2:**

State the total number of COVERED EMPLOYEES currently employed by DEFENDANT.

**SPECIAL INTERROGATORY NO. 3:**

State the total number of COVERED EMPLOYEES whose employment with DEFENDANT terminated during the STATUTORY PERIOD.

**SPECIAL INTERROGATORY NO. 4:**

State all start and end dates of employment for each COVERED EMPLOYEE.

**SPECIAL INTERROGATORY NO. 5:**

State the total number of workweeks worked by all COVERED EMPLOYEES during the STATUTORY PERIOD.

**SPECIAL INTERROGATORY NO. 6:**

State the total number of pay periods worked by all COVERED EMPLOYEES during the STATUTORY PERIOD.

**SPECIAL INTERROGATORY NO. 7:**

State the average hourly rate of pay for all COVERED EMPLOYEES during the STATUTORY PERIOD.

**SPECIAL INTERROGATORY NO. 8:**

State the average hourly rate of pay for all formerly employed COVERED EMPLOYEES who worked during the STATUTORY PERIOD.

**SPECIAL INTERROGATORY NO. 9:**

State the CONTACT INFORMATION for each COVERED EMPLOYEE who worked during the STATUTORY PERIOD.

(As used herein, the phrase CONTACT INFORMATION means the last known first and last name, home mailing address, home and mobile telephone number(s), personal and work email addresses, and other known contact information.)

**SPECIAL INTERROGATORY NO. 10:**

State all job titles held by each COVERED EMPLOYEE.

///

///

///

///

**SPECIAL INTERROGATORY NO. 11:**

IDENTIFY all persons who answered or supplied information for answering these Special Interrogatories (Set One).

(As used herein, the term IDENTIFY shall mean to provide each respective person's last known (i) first, middle and last name, (ii) employer name, (iii) job title, (iv) business mailing address, (v) business email address, and (vi) and business telephone number).

**SPECIAL INTERROGATORY NO. 12:**

IDENTIFY all forms of compensation, bonuses, awards, stipends, and other remuneration (including but not limited to "safety awards" and "award spots") paid by DEFENDANT to COVERED EMPLOYEES during the STATUTORY PERIOD.

**SPECIAL INTERROGATORY NO. 13:**

For each form of remuneration identified in your response to Special Interrogatory No. 12, state whether DEFENDANT classified it as discretionary or non-discretionary for payroll purposes.

**SPECIAL INTERROGATORY NO. 14:**

If you contend that any form of remuneration identified in your response to Special Interrogatory No. 12 is discretionary, state all facts supporting that contention.

**SPECIAL INTERROGATORY NO. 15:**

Describe in detail the mathematical formula, method, or software protocol DEFENDANT used during the STATUTORY PERIOD to calculate the "regular rate of pay" for the purpose of paying overtime wages to COVERED EMPLOYEES.

///

///

///

///

///

**SPECIAL INTERROGATORY NO. 16:**

Describe in detail the mathematical formula, method, or software protocol DEFENDANT used during the STATUTORY PERIOD to calculate the "regular rate of compensation" for the purpose of paying meal and rest period premiums to COVERED EMPLOYEES pursuant to California Labor Code section 226.7.

Dated: October 6, 2026

***Ferraro Vega Employment Lawyers, Inc.***

*/s/ Andrew T. Katseanes*
Rick A. Waltman
Andrew T. Katseanes
*Attorneys for Plaintiff Shayna Hill*

Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
rick@ferrarovega.com / andrew@ferrarovega.com
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHAYNA HILL, on behalf of others similarly situated and the State of California under the Private Attorneys General Act,<br><br>Plaintiffs,<br><br>vs.<br><br>MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-04529-LL-VET<br><br>**Proof of Service** |

# PROOF OF SERVICE

1. At the time of service, I was over 18 years of age and not a party to this action. I am employed in San Diego County; my business address is Ferraro Vega Employment Lawyers, 3333 Camino del Rio South, Suite 300, San Diego, California 92108.

My email address is: edith@ferrarovega.com

2. On October 6, 2026, I served the following documents:

**1. Plaintiff's Special Interrogatories to Martin Marietta Materials, Inc. (Set One)**
**2. Plaintiff's Requests for Production (Set One) to Martin Marietta Materials, Inc.**

3. I served the abovementioned document(s) on the following person(s):

Jovana Martin - Jmartin@sscelaw.com
Dick Semerdjian - das@sscelaw.com

Schwartz Semerdjian Cauley Schena & Bush LLP
101 West Broadway, Suite 810
San Diego, CA 9210

*Attorneys for Defendant Martin Marietta Materials, Inc.*

4. The documents were served through the following means:

☒ ***By Email or Electronic Transmission.*** Based on a court order or agreement of the parties to accept service by email or electronic transmission under CRC 2.251, I electronically served the documents via email transmission to the individuals identified above.

5. I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

///
///
///
///
///

6. This proof of service was executed in San Diego, California on October 6, 2026.

***Ferraro Vega Employment Lawyers, Inc.***

*/s/ Edith Byron*
Edith Byron