**SCHWARTZ SEMERDJIAN CAULEY SCHENA & BUSH LLP**
Dick A. Semerdjian (SBN 123630)
101 West Broadway, Suite 810
San Diego, CA 92101
Telephone No. 619.236.8821
Facsimile No. 619.236.8827
Email: das@sscelaw.com

**CARRINGTON, COLEMAN,**
**SLOMAN & BLUMENTHAL, L.L.P.**
Parker Graham (Texas Bar No. 24087612) (admitted *Pro Hac Vice*)
pgraham@ccsb.com
2200 Ross Ave, Suite 1800
Dallas, Texas 75201
Telephone: 214-855-3000

Attorneys for Defendant *MARTIN MARIETTA MATERIALS, INC.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO DIVISION**

SHAYNA HILL, on behalf of others similarly situated,

Plaintiffs,

v.

MARTIN MARIETTA MATERIALS, INC.; and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:26-cv-04529-LL-VET

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PRE-SETTLEMENT DISCOVERY**

*To be determined on the papers*

Hill has not met her burden to show that her requested additional discovery is relevant. Fed. R. Civ. P. 26(b)(1); *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). In the prior *Shwiyhat* class and collective action, all Martin Marietta's California hourly non-exempt employees (including Hill) asserted wage and hour claims, including that Martin Marietta miscalculated the regular rate of pay by omitting remuneration. *Shwiyhat v. Martin Marietta Materials, Inc.*, San Joaquin County Superior Court, No. STK-CV-UOE-2025-0010132; Ex. 1 (Declaration of Mike Birrer) ¶ 7, Ex. 1-A. In settling, they released all wage and hour claims accruing on or before September 26, 2025, including all claims for miscalculating the regular rate of pay. *Id.* at ¶ 7, Ex. 1-B.

In this case, under an agreed discovery protocol, the parties are conducting discovery on Hill's post-release claims. Doc. 15. But Hill now also seeks ***over three years*** of wide-ranging discovery on the released claims, which she styles "sick pay claims." Doc. 19. But her "sick pay claims" are simply the released regular-rate claims. The Court should deny Hill's motion, which would radically expand Martin Marietta's burden without benefiting the class or collective.

## I. FACTUAL BACKGROUND

**1. Austen Shwiyhat files a class and collective action.**

In July 2025, former employee Austen Shwiyhat filed a class and collective action on behalf of all California non-exempt hourly employees. Ex. 1, ¶ 7. Among other claims, the *Shwiyhat* Operative Complaint alleged Martin Marietta failed to pay proper overtime by "***not properly calculating the regular rate of pay, or by not properly prorating all non-discretionary compensation into the regular rate of pay*** for overtime." *Id.* at Ex. 1-A ¶ 37 (emphasis added).

**2. The *Shwiyhat* case settles.**

Shwiyhat settled. Ex. 1-B. The Class Period ran from June 20, 2022 through March 31, 2025 (Ex. 1-B ¶ 1.11), which Martin Marietta extended to the September 25, 2025 preliminary approval date. *Id.* at ¶ 8. Class members released all claims "***that were alleged, or reasonably could have been alleged, based on the Class Period facts stated in the Operative Complaint***," including claims "related to or arising from alleged wages, overtime, calculation of wages and overtime." Ex. 1-C; Doc. 19-1, Ex. 3. Judgment was entered February 26, 2026. Doc. 19-1, Ex. 4. Hill did not opt out or object, and she accepted a settlement payment. Ex. 1 ¶ 9.

**3. Hill files this lawsuit, alleging substantially identical claims.**

Hill filed this class action on June 29, 2026. Doc. 1. She alleges Martin Marietta "underpaid overtime, paid sick leave, and premiums ***by failing to include bonuses and other forms of remuneration in the regular rate of pay calculations***." Doc. 1-3 ¶ 4 (emphasis added); *see id.* ¶¶ 34-38, 67, 111. These claims were released in *Shwiyhat*: the same violation

(miscalculating regular rate of pay) short-changed employees (here, reducing sick pay[1]). *See* Ex. 1 ¶ 7.

**4. Hill seeks four years of discovery about the released claims.**

Under the agreed protocol, Martin Marietta is voluntarily producing records for 25% of its California hourly non-exempt employees from September 26, 2025 forward, a post-release period relevant to the pleaded, non-released claims. Doc. 15. In November 2026, Hill moved to compel over three more years of discovery (June 2022 to September 2025) of sick pay calculation records, and time, payroll, and remuneration data. Doc. 19, p. 5. All such claims have been released.

## II. ARGUMENTS & AUTHORITIES

The Court should deny Hill's request for discovery before September 26, 2025. Only relevant information is discoverable, Fed. R. Civ. P. 26(b)(1), and that requirement must be "firmly applied." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Hill bears "the burden of establishing that [her] request satisfies the relevancy requirements of Rule 26(b)(1)." *Bryant*, 2009 WL 1390794, at *1. She has not carried her burden.

**1. The discovery is not relevant because the claims have been settled and released.**

Pre-release wage and hour information is not relevant or discoverable because the *Shwiyhat* class and collective, including Hill, released those claims. The *Shwiyhat* class and collective alleged miscalculation of the regular rate of pay. Ex. 1-A ¶ 37. The release covered all claims "***that were alleged, or reasonably could have been alleged***," including those "related to or arising from alleged wages, overtime, calculation of wages and overtime." Ex. 1-B ¶¶ 5.1, 5.3. It therefore covered all regular-rate claims, including sick pay. *Id.*

---

[1] Employers can calculate sick pay (and the method pleaded by Plaintiff) using the regular rate. Cal. Lab. Code § 246(l)(1). The "regular rate" for purposes of both overtime and sick pay is the same. *Id.* § 510(a).

Even if the release's text did not expressly reach sick pay (it does), the doctrine of release bars Hill's claims. A settlement may release a claim that "was not presented and might not have been presentable in the class action" if it "is based on the identical factual predicate as that underlying the claims in the settled class action." *Hess v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010). Hill's "sick pay" claims rest on the same factual predicate—miscalculating the regular rate. Doc. 19, p. 1; *see Anguiano-Tamayo v. Wal-Mart Assocs., Inc.*, 2022 WL 833327, at *6 (N.D. Cal. Mar. 21, 2022). Pre-settlement discovery is thus irrelevant. Fed. R. Civ. P. 26(b)(1).

**2. The *Shwiyhat* release is *res judicata* for Hill's pre-settlement sick pay claims.**

In addition to release, *res judicata* also "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). This case satisfies each element.[2]

***Element One (Final Decision on the Merits)***: "Under California law, a judicially approved settlement agreement is considered a final judgment on the merits." *Moreno v. Lane Bryant, Inc.*, 2011 WL 13217973, at *4 (C.D. Cal. Jan. 25, 2011).

***Element Two (Same Cause of Action)***: California defines a "cause of action" by the "primary right" at stake. *Villacres*, 117 Cal. Rptr. 3d at 409. Where "two actions involve the same injury to the plaintiff and the same wrong by the defendant," the same primary right is at stake even if the plaintiff "pleads different theories of recovery, seeks different forms of relief and/or adds new facts[.]" *Eichman v. Fotomat Corp.*, 197 Cal. Rptr. 612, 614 (Ct. App. 1983). *Shwiyhat* and Hill assert the same primary right—payment of wages due—regardless of the type of wage at

---

[2] The elements are "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the *same cause of action* as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 577, 117 Cal. Rptr. 3d 398, 410 (2010) (emphasis in original).

issue. *Shine v. Williams-Sonoma, Inc.*, 23 Cal. App. 5th 1070, 1077 (2018) (*res judicata* affirmed; "fact that no claim for reporting-time pay was alleged in [earlier class action] does not alter our determination that the same primary right, to seek payment of wages due, was involved in both").

***Element Three (Same Parties)*:** Both cases involve Martin Marietta and its non-exempt hourly employees, including Hill. *See* Ex. 1, ¶ 9.

**3. The requested discovery is unduly burdensome and not proportional.**

Four more years of discovery across hundreds of California employees would radically expand Martin Marietta's burden. "[D]iscovery requests seeking irrelevant information are inherently undue and burdensome." *Pulte Home Corp. v. TIG Ins. Co.*, 2021 WL 3721687, at *2 (S.D. Cal. Aug. 23, 2021). Nor is discovery on released claims proportional, as it cannot benefit the class or collective. Fed. R. Civ. P. 26(b)(1).

**4. Hill's alternative 90-day look-back theory is incorrect.**

Hill's alternative 90-day look-back argument under Labor Code section 246(l)(2) fails because her Complaint never alleges that Martin Marietta used or miscomputed the 90-day method. *See* Doc. 1-3 ¶¶ 4, 67, 111.

**5. The Court should limit discovery to the agreed protocol.**

Hill's Motion goes beyond the agreed protocol; it seeks production of additional documents in response to seven requests for production and two interrogatories. If the Court grants Hill's request for pre-settlement discovery, it should be limited to the records listed in the protocol.

## III. CONCLUSION

The Court should deny Hill's request for discovery predating September 26, 2025. Alternatively, if the Court permits pre-settlement discovery, Martin Marietta requests that the Court limit it to the records listed in subparagraph (d) of the Protocol.

DATED: November 13, 2026

**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**

By: *\/s/ Parker Graham*
Parker Graham, Attorney for Defendant
MARTIN MARIETTA MATERIALS, INC.

**CERTIFICATE OF SERVICE**

I certify that on November 13, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court for the Southern District of California using the Electronic Case Filing system. Service on all attorneys of record who are Filing Users will be automatically accomplished through notice of electronic filing.

Dated: November 13, 2026

*/s/ Parker Graham*
Parker Graham