Rick A. Waltman (State Bar No. 306463)
Andrew T. Katseanes (State Bar No. 351638)
Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com
rick@ferrarovega.com / andrew@ferrarovega.com

*Attorneys for Plaintiff Shayna Hill*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SHAYNA HILL, on behalf of others similarly situated,

Plaintiff,

vs.

MARTIN MARIETTA MATERIALS, INC. and DOES 1 through 50, inclusive,

Defendants.

Case No. 3:26-cv-04529-LL-VET

*Judge: Hon. Linda Lopez*
*Courtroom 14B*

**CLASS ACTION**

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

**Motion Hearing:**
Date: December 21, 2026
**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT**

Action Filed: June 29, 2026
Action Removed: August 7, 2026

[Filed concurrently with Notice of Motion and Declaration of Andrew T. Katseanes; Proposed Order]

## I. INTRODUCTION

Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend be "freely give[n] when justice so requires," and the Ninth Circuit applies that policy with extreme liberality. Plaintiff Shayna Hill ("Plaintiff") seeks leave to amend her Class Action Complaint to narrow and clarify the claims already at issue in this litigation. The proposed amendment adds no new causes of action and no new parties. Instead, it (1) clarifies Plaintiff's off-the-clock claims, including by removing allegations concerning an unpaid safety training following further investigation of the facts; (2) limits Plaintiff's paid sick leave claims to a single rate-of-pay theory and eliminates the Twelfth Cause of Action; (3) specifies which claims Plaintiff asserts on an individual basis only; and (4) replaces the single four-year putative class with two narrower classes, including a Post-Settlement Class limited to the period after a prior class settlement.

Defendant Martin Marietta Materials, Inc. ("Defendant") cannot establish prejudice. The proposed amendment does not expand the case, require materially different discovery, or inject new legal theories unrelated to the operative pleading. Rather, it reduces the scope of the class claims. Every class claim that remains was pleaded in the original Complaint, and the principal class theory is the same one Plaintiff has alleged from the start: Defendant's exclusion of safety awards, "award spots," and other non-discretionary remuneration from the rate used to calculate overtime, meal and rest period premiums, and paid sick leave, of which Defendant has been on notice since the outset of this case. The meal and rest period class claims likewise carry forward from the original pleading.

Nor has Plaintiff unduly delayed. This case was removed to this Court on August 7, 2026, and remains at an early stage: class certification discovery is open until April 16, 2027, and Plaintiff's class certification motion is not due until June 1, 2027. (ECF No. 12 ¶¶ 7–8.) Plaintiff brings this motion promptly following her counsel's continued

investigation of the facts and conferral with Defendant's counsel, and by the deadline to amend the pleadings set in the Court's Scheduling Order, so that the operative pleading accurately reflects the claims Plaintiff will pursue before the parties and the Court invest further resources in discovery and class certification.

Justice therefore requires that leave be granted. Consistent with Rule 15's policy of liberality, and as supported by the accompanying Declaration of Andrew T. Katseanes ("Katseanes Decl.") and Civil Local Rule 15.1(b), Plaintiff respectfully requests that the Court grant leave to file a First Amended Complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2026, Plaintiff filed this putative class action against Defendant in the Superior Court of California, County of San Diego, alleging twelve causes of action for violations of the California Labor Code and the Unfair Competition Law. Plaintiff worked for Defendant as a non-exempt Safety Lead from approximately April 2001 to April 2026. (Compl., ECF No. 1-3, ¶ 14.) The Complaint asserted its claims on behalf of a putative class of all non-exempt employees who worked for Defendant in California at any time from four years before the filing of the action through the date of class certification. (Id. ¶ 20.) On August 7, 2026, Defendant removed the action to this Court. (ECF No. 1.) Plaintiff's counsel thereafter continued to investigate the facts underlying Plaintiff's claims. (Katseanes Decl. ¶ 6.) Plaintiff now moves for leave to file a First Amended Class Action Complaint ("FAC") that narrows and clarifies her claims in light of that investigation. Pursuant to Civil Local Rule 15.1(b), the proposed FAC and a redlined version showing how it differs from the operative Complaint are attached as Exhibits 1 and 2 to the Katseanes Declaration.

This amendment is sought in the interest of justice and serves the ultimate goal of judicial economy. The FAC adds no new causes of action and no new defendants. Rather, it makes four principal changes, each of which narrows or clarifies the claims already at issue.

First, the FAC clarifies Plaintiff's off-the-clock claims. Following further investigation of the facts, Plaintiff has removed the allegations that Defendant required her and other employees to attend an unpaid, off-the-clock safety training, along with the class-wide minimum wage, overtime, and paid sick leave accrual allegations premised on that theory. (*See* Compl. ¶¶ 2–3, 25–27, 33, 39–41.) The FAC instead identifies the off-the-clock work at issue: work Plaintiff performed in connection with her drone mission duties, including downloading, processing, and uploading mission data from home outside her scheduled shifts, and finishing drone flights after clocking out because her supervisors told her that Defendant would not authorize overtime. (FAC ¶¶ 39–40.) Plaintiff asserts the resulting unpaid wage and overtime claims on an individual basis only. (*Id.* ¶¶ 47, 51.)

Second, the FAC limits Plaintiff's paid sick leave claims. It eliminates the Twelfth Cause of Action for Sick Pay Violations in its entirety, along with the allegations that Defendant failed to properly accrue paid sick leave and failed to provide written notice of available paid sick leave under Labor Code section 246(i). (*See* Compl. ¶¶ 39–41, 46–48, 64–66, 106–113.) The Third Cause of Action now proceeds on a single theory: that Defendant failed to include safety awards, "award spots," and other non-discretionary remuneration when calculating the rate at which it paid sick leave, as Labor Code section 246(l) requires. (FAC ¶¶ 28–30, 54–58.) That claim is asserted on behalf of a "Sick Pay Class" limited to non-exempt employees who worked for Defendant in California during the Complaint's original four-year class period[1] and who, in at least one pay period, received both paid sick leave (or paid time off provided in lieu of paid sick leave) and non-discretionary remuneration in addition to hourly wages. (*Id.* ¶ 17(a).)

Third, the FAC specifies which claims Plaintiff asserts individually. The First Cause of Action (failure to pay all wages owed), the off-the-clock portion of the Second

---

[1] As extended by the Unfair Competition Law claim in the Eighth Cause of Action.

Cause of Action (failure to pay all overtime wages), the Seventh Cause of Action (failure to reimburse business expenses), and the Ninth Cause of Action (unlawful wage deductions) are asserted by Plaintiff in her individual capacity only, and not on behalf of any class. (FAC ¶¶ 5, 17, 47, 51, 73, 86.) The allegations concerning Defendant's deduction of a "commuter charge tax" from Plaintiff's wages after it revoked her commuter designation and work vehicle, and its failure to reimburse her business expenses, which the Complaint alleged as company-wide practices, are accordingly limited to Plaintiff alone. (*Compare* Compl. ¶¶ 5–6, 28–31, 43–45, *with* FAC ¶¶ 31–38.) The FAC also adds detail regarding expenses Plaintiff incurred traveling between Defendant's plants after her work vehicle was revoked. (FAC ¶ 36.)

Fourth, the FAC narrows the putative class. In place of the single four-year class alleged in the Complaint, the FAC proposes (1) the Sick Pay Class, which asserts the Third Cause of Action and the derivative claims to the extent they are based on the sick leave rate theory; and (2) a "Post-Settlement Class" of non-exempt employees who worked for Defendant in California from September 26, 2025 through the date of class certification, which asserts the remaining class claims. (FAC ¶¶ 17–18.) The Post-Settlement Class period tracks the Court's October 20, 2026 order directing the parties to proceed with production of class-level data for the post-settlement period commencing September 26, 2025. (ECF No. 16.)

Finally, the FAC makes conforming and clarifying changes, including updating the caption and jurisdictional allegations to reflect removal to this Court, referencing Federal Rule of Civil Procedure 23 in the class allegations, clarifying the existing allegations that meal and rest period premiums were not paid at the regular rate of compensation, and correcting typographical errors. (*See, e.g.*, FAC ¶¶ 2, 7–10, 17, 90.)

## III. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that, where amendment is not permitted as a matter of course, a party may amend its pleading with the opposing

party's written consent or the court's leave, and that "[t]he court should freely give leave when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). In deciding whether to grant leave, courts consider bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party carries the greatest weight, and "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. Because Defendant answered the Complaint in state court before removing the action (ECF No. 1 ¶¶ 8, 56), the time to amend once as a matter of course under Rule 15(a)(1) has expired, and Defendant has declined to consent (Katseanes Decl. ¶ 7).

The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Here, every factor favors amendment: the amendment narrows rather than expands the claims of which Defendant was already on notice, Plaintiff acted diligently following further investigation of the facts, Plaintiff has not previously amended, the amendment is neither futile nor sought in bad faith, and the interests of judicial economy heavily favor allowing the amendment. And because this motion is filed by the November 16, 2026 deadline to amend the pleadings set in the Scheduling Order (ECF No. 12 ¶ 2), Rule 16(b)'s good cause standard does not apply. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).

**A. The Proposed Amendment Will Not Prejudice Defendant**

Defendant cannot credibly claim prejudice or surprise. The FAC adds no new causes of action and no new defendants. To the contrary, it eliminates the Twelfth Cause of Action entirely, removes the off-the-clock, unlawful deduction, and expense

reimbursement claims from the class claims, limits the Third Cause of Action to a single rate-of-pay theory, and shortens the class period for most class claims. Apart from the meal and rest period claims, which carry forward from the original pleading (Compl. ¶¶ 98–105), the remaining class claims rest on the same regular rate theory that has been alleged since the inception of this case: Defendant's exclusion of non-discretionary remuneration, including safety awards and "award spots," from the regular rate of pay. (Compl. ¶¶ 4, 34–38, 67, 111.) Rule 15(a) is "the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005) (quoting *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988)).

The proposed amendment does not fundamentally alter the nature of the case, and it will reduce, not increase, the burden of discovery. Class-wide discovery concerning off-the-clock training, commuter charge deductions, expense reimbursement, and paid sick leave accrual and notice will no longer be necessary. The new factual detail regarding Plaintiff's drone mission work supports only her individual claims and concerns work that Defendant itself assigned and whose resulting data Defendant relied on. (FAC ¶ 39.) The Post-Settlement Class also aligns the pleading with the class-level discovery the Court has already ordered for the period beginning September 26, 2025. (ECF No. 16.) The case was only recently removed, no trial date has been set, class certification discovery remains open until April 16, 2027 (ECF No. 12 ¶ 7), and there is no other circumstance demonstrating actual, unfair prejudice to Defendant's ability to litigate the merits.

Nor will narrowing the class allegations prejudice absent putative class members. No class has been certified, and no notice has issued to putative class members, so Rule 23(e)'s approval requirement does not apply. *See* Fed. R. Civ. P. 23(e) (requiring court approval to settle, voluntarily dismiss, or compromise the claims of "a certified class—

or a class proposed to be certified for purposes of settlement”). And the amendment is not the product of any settlement or compromise with Defendant; it reflects Plaintiff’s own assessment of her claims following further investigation. (Katseanes Decl. ¶¶ 6, 8.)

**B. Plaintiff Acted Diligently and in Good Faith**

As detailed in the Katseanes Declaration, Plaintiff did not unduly delay in seeking this amendment. After filing the Complaint, Plaintiff’s counsel continued to investigate the facts underlying Plaintiff’s claims. Based on that investigation, Plaintiff concluded that the off-the-clock claim premised on the unpaid safety training is not likely tenable and determined to withdraw the safety training allegations, identify the off-the-clock work at issue, narrow her paid sick leave claims, and specify which claims she asserts individually. (Katseanes Decl. ¶ 6.) Plaintiff then promptly sought Defendant’s stipulation and brought this motion roughly three months after removal and by the deadline to amend set in the Scheduling Order. (*Id.* ¶ 7; ECF No. 12 ¶ 2.) In any event, “[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.” *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Plaintiff seeks this amendment to ensure that the operative pleading accurately reflects the facts and the claims she will pursue.

Before bringing this motion, Plaintiff’s counsel met and conferred with Defendant’s counsel by videoconference on October 14, 2026, regarding the proposed amendments, sent Defendant’s counsel a redlined version of the proposed FAC on November 5, 2026, and followed up by email several times through November 12, 2026. Defendant would not agree to any amendment, and its counsel confirmed on November 13, 2026, that Defendant would not so stipulate. (Katseanes Decl. ¶ 7.) Plaintiff thus seeks leave to file the FAC through this motion.

**C. The Amendment Is Not Futile**

Nor is the amendment futile. A proposed amendment is futile “only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.” *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th

Cir. 1988). For that reason, courts generally defer challenges to the legal sufficiency of a proposed amended pleading until leave to amend is granted and the pleading is filed. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). The FAC retains claims already pleaded in detail, narrows others, and adds factual allegations supporting Plaintiff's individual off-the-clock claims, including that Defendant assigned the drone missions, relied on the resulting data, and knew or should have known that Plaintiff performed the work off-the-clock. (FAC ¶¶ 39–40.)

**D. The Interests of Judicial Economy Favor Amendment**

Allowing amendment promotes judicial efficiency. The FAC eliminates one cause of action, removes theories Plaintiff does not intend to pursue, and clearly delineates which claims are asserted individually and which are asserted on behalf of each proposed class. It also conforms the class period for most class claims to the post-settlement discovery period the Court has already set. (ECF No. 16.) Denial of leave to amend would leave in place a pleading containing allegations Plaintiff seeks to withdraw, requiring the parties to conduct discovery, and the Court to resolve disputes, concerning class-wide claims Plaintiff does not intend to pursue. By focusing discovery, motion practice, and class certification on the claims that remain, permitting amendment will conserve valuable judicial resources and promote an efficient resolution of the entire dispute.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Class Action Complaint.

Dated: November 16, 2026

***Ferraro Vega Employment Lawyers, Inc.***

Andrew T. Katseanes
Rick A. Waltman
*Attorneys for Plaintiff Shayna Hill*